UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

In re:

    Jimmy D. Brock
    Lydia J. Brock

          Debtors.

**Case No. 18-bk-32486**
**Chapter 13**
**Judge Beth A. Buchanan**

## MOTION FOR ORDER CONFIRMING INAPPLICABILITY OF AUTOMATIC STAY WITH MEMORANDUM IN SUPPORT

Home Builders Finance, Inc. ("Home Builders"), a creditor of Debtor Jimmy D. Brock ("Debtor" or "Mr. Brock") and a party in interest, moves this Court for an Order confirming that, under § 362(c)(3) of the United States Bankruptcy Code, the automatic stay does not apply to Home Builder's Warren County Foreclosure Action (as defined below) against Mr. Brock.

### MEMORANDUM IN SUPPORT

For the reasons set forth below, under Bankruptcy Code § 362(c)(3) the automatic stay does not apply to Home Builder's Warren County Foreclosure Action (defined below) against Debtor and the real property owned by Debtor and his wife, Co-Debtor Lydia J. Brock ("Co-Debtor" or "Mrs. Brock") (collectively, "Debtors") located at 5348 State Route 123, Franklin, Ohio 45005 ("Property").

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On July 10, 2002, Mr. Brock filed a Chapter 13 Bankruptcy proceeding in the U.S. Bankruptcy Court, Southern District of Ohio (Case No. 02-35056). This 2002 bankruptcy proceeding was dismissed, without a discharge being granted, on September 27, 2002.

On May 22, 2003, Mr. Brock filed a Chapter 7 Bankruptcy Proceeding in the U.S. Bankruptcy Court, Southern District of Ohio (Case No. 03-34416), and he received a discharge on October 4, 2003. However, on March 3, 2004, the U.S. Trustee for Region 9 brought an adversary proceeding (Case No. 04-03055) seeking to have the discharge revoked and, on April 15, 2004, the Debtor's discharge was revoked by the Bankruptcy Court. The Debtor's discharge was revoked due to Debtor refusing to cooperate with the Trustee, refusing to turn over a certain Ford Truck, and refusing to comply with a lawful Order of the Bankruptcy Court.

On March 7, 2007, Debtor executed and delivered to Home Builders a Promissory Note that was later amended several times ("Note"). Debtors also granted a mortgage on the Property to Home Builders to secure the payment of the Note and the Mortgage was amended several times ("Mortgage"). A copy of the Note, as amended, is attached hereto as **Exhibit A**. and a copy of the Mortgage, as amended, is attached hereto as **Exhibit B**. The Note, as amended, was due and payable in full in September 2008, but Mr. Brock defaulted under the Note by failing to pay the amount due. The default under the Note was a default under the Mortgage.

At the time Mr. Brock was in default for failing to pay to Home Builders the amount due under the Note, Home Builders allowed Debtors additional time to obtain financing. When Debtors were unable to obtain financing, Home Builders filed a Complaint with Action for Foreclosure against Debtors and other defendants on July 23, 2009 in the Warren County, Ohio, Court of Common Pleas (Case No. 09CV74860) seeking judgment on the Note (as amended) and seeking foreclosure of the Mortgage (as amended) on the Property owned by Debtors ("Warren County Foreclosure Action"). The Note (as amended) matured, and was due in full, in September 2008. On February 14, 2011, Home Builders was granted judgment against Debtors

2

in the Warren County Foreclosure Action and the process for a Sheriff's sale of the Property

began. The Property was initially scheduled to be sold at a Sheriff's sale on Monday, May 23,

2011.

On May 20, 2011, the Friday before the scheduled Sheriff's sale on Monday, Mr. Brock filed

a Chapter 13 Bankruptcy, together with a proposed Plan, in the U.S. Bankruptcy Court for the

Southern District of Ohio (Case No. 11-32790) ("First Prior Bankruptcy"). Home Builders filed an

objection to the Debtor's proposed Chapter 13 Plan in the First Prior Bankruptcy. By an agreed

Order, entered on August 15, 2011 ("2011 Agreed Order"), Home Builders agreed to have its

objection to the Plan dismissed in exchange for a requirement that the Debtor refinance and

pay Home Builders in full within two years of the date of the confirmation of the Debtor's Plan.

The Debtor's Plan was confirmed in the First Prior Bankruptcy on November 21, 2011.

Therefore, Debtors had until November 21, 2013 to refinance and pay Home Builders the full

amount owed to it under the Note.

The 2011 Agreed Order was amended by another agreed order dated December 3, 2013

that detailed the amount to be paid by Debtor to Home Builders. Thereafter, Home Builders

allowed Debtor additional time to refinance, but Debtor failed to pay Home Builders the

amount owed as required by the 2011 Agreed Order, as amended. The last payment that Home

Builders received from anyone in the First Prior Bankruptcy was on December 4, 2013 in the

amount of $1,159.66 (Check No. 4241587 from the Bankruptcy Trustee). By Order dated

February 24, 2014, Home Builders was granted relief from the stay in accordance with the

earlier Orders and Bankruptcy Code § 362(d). The First Prior Bankruptcy was dismissed on July

16, 2014.

After the stay was lifted, Home Builders began the process in the Warren County Foreclosure Action to have the Property sold at Sheriff's sale (including the required advertising of the sale). The sale was initially scheduled to occur on June 2, 2014, but, due to a request by Debtor to allow him additional time to refinance, Home Builders agreed to cancel the scheduled Sheriff's sale. A copy of the Warren County Agreed Order withdrawing the Property from sale is attached hereto as **Exhibit C**.

When Debtor was still unable to obtain financing, Home Builders again began the process to have the Property sold at Sheriff's sale. However, on July 29, 2014, thirteen days after the First Prior Bankruptcy was dismissed, Debtor filed another Chapter 13 Bankruptcy in the U.S. Bankruptcy Court for the Southern District of Ohio (Case No. 14-32724) ("Second Prior Bankruptcy") and any attempt to reschedule the Sheriff's sale was prohibited. Debtor filed a proposed Plan in the Second Prior Bankruptcy on the same day.

Home Builders filed an objection to the Debtor's proposed Chapter 13 Plan in the Second Prior Bankruptcy and moved for dismissal, relief from stay, and for an order confirming the inapplicability of the automatic stay. By an agreed Order, entered on November 13, 2014, Home Builders agreed to have its objection to the Plan dismissed and its motion to dismiss denied without prejudice in exchange for a requirement that Debtor pay Home Builders $115,423.00 with interest from July 29, 2014 at the rate of 5.635% per annum until Home Builders was paid in full under Debtor's Plan.

By a second agreed Order, entered that same day ("2014 Agreed Order"), Home Builders agreed to have its motions for relief from stay and for an order confirming the inapplicability of the automatic stay denied in exchange for Debtor's agreement that he would make timely payments to the Trustee under the Plan and on the condition that if the Debtor failed to make

timely payments and cure his default within ten days after receiving notice thereof, Home Builders would be entitled to an order granting relief from stay. The Debtor's Plan was confirmed in the Second Prior Bankruptcy on December 16, 2014.

In or around October, 2016, Debtor stopped making the required payments under the Plan and began making partial payments until in or around March, 2017, when he stopped making payments altogether. Based on Debtor's default, the Trustee moved to dismiss the Second Prior Bankruptcy on April 18, 2017. By an agreed Order, entered May 24, 2017, the Court placed Debtor on payment probation and ordered that the Second Prior Bankruptcy would be subject to dismissal without further notice to the Debtor if he defaulted during the probationary period. When Debtor failed to make the required payments during the probationary period, the Court dismissed the Second Prior Bankruptcy on January 4, 2018. The last payment that Home Builders received from anyone in the Second Prior Bankruptcy was on or about January 31, 2018 in the amount of $820.57 (Check No. 4433922 from the Bankruptcy Trustee).

After the Second Prior Bankruptcy was dismissed, Home Builders again began the process in the Warren County Foreclosure Action to have the Property sold at Sheriff's sale (including the required advertising of the sale). The sale was initially scheduled to occur on Monday, August 13, 2018, but, due to the representation of Debtor's counsel that he intended to file the current bankruptcy by Saturday, August 11, 2018, Home Builders agreed to cancel the scheduled Sheriff's sale. A copy of the Warren County Agreed Order withdrawing the Property from sale is attached hereto as **Exhibit D**.

Debtors have proposed in the new Plan that they will pay Home Builders in full over a five-year period.

The Debtor's current bankruptcy filing, and the proposed Plan, lack good faith and they are each another attempt by Debtor to delay and hinder Home Builders from collecting on a loan that was required, under the terms of the amended Note, to be paid in full in September 2008, and pursuant to agreements in the First and Second Prior Bankruptcies, on or before November 21, 2013 and December 16, 2019, respectively. It has now been ten years since the Note matured and was due and payable; enough is enough. Home Builders should be allowed to proceed to have its collateral sold so Home Builders can be paid the amount it is owed.

## II.   ARGUMENT – STAY IS NOT IN EFFECT

Bankruptcy Code § 362(c)(3)(A) and (B) provide:

(c)   Except as provided in subsections (d), (e), (f), and (h) of this Section –

* * *

(3)   if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)–

(A)   the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B)   on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

* * *

There cannot be any dispute that § 362(c)(3)(A) applies to the Debtor in this case. He filed the current Chapter 13 bankruptcy proceeding within a year of the dismissal of his Second Prior Bankruptcy.

Under Bankruptcy Code § 362(c)(3)(A), the automatic stay is terminated after thirty (30) days as to actions against the Debtor and as to actions against property of the estate. *See St. Anne's Credit Union v. Ackell*, 490 B.R. 141, 145 (D. Mass. 2013); *In re Reswick,* 446 B.R. 362, 373 (9th Cir. BAP 2011); *In re Daniel*, 404 B.R. 318, (Bankr. N.D. Ill. 2009) (§ 362(c)(3) terminates the automatic stay as to estate property).[1] The Second Prior Bankruptcy was dismissed on January 4, 2018 and the current bankruptcy was filed approximately eight months later on August 11, 2018. Neither the Debtor nor any party in interest obtained an Order extending the thirty day period "before the expiration of the 30-day period" as required by § 362(c)(3)(B). In fact, neither the Debtor nor any party in interest even filed a motion seeking an extension of the stay prior to the expiration of the thirty day period. Therefore, the automatic stay has expired and Home Builders requests that this Court issue an Order confirming that the automatic stay is no longer in effect, as to the Debtor or property of the estate. This will allow Home Builders to once again begin the process of having the Property sold at Sheriff's sale in accordance with this Court's 2014 Relief Order in the First Prior Bankruptcy and consistent with the spirit of the Court's 2014 Agreed Order in the Second Prior Bankruptcy.

In the First Prior Bankruptcy, the Debtor specifically agreed that, if he failed to pay to Home Builders the full amount owed to it within two years of the confirmation of the Plan in the First Prior Bankruptcy, the stay would be lifted to allow Home Builders to have the Property sold at Sheriff's sale. Similarly, the Debtor specifically agreed in the Second Prior Bankruptcy that, if he failed to make timely payments and cure his default within ten days after receiving notice

---

[1] There are decisions that have found that § 362(c)(3)(A) only terminates the stay against the Debtor personally and non-estate property, not as to property of the estate. See *In re Harris*, 342 B.R. 274 (Bankr. N.D. Ohio 2006), and decisions cited in *Ackell*. However, as noted in the *Ackell* decision, the holdings in these other decisions misinterpret the statutory language and state a view that is not supported by the legislative history. *Ackell*, 490 B.R. at 144-145. The purpose of the statute is to "discourage serial filings that are made simply to obtain the benefit of the automatic stay." *Id*.

thereof, Home Builders would be entitled to submit an Affidavit of Default and would thereafter receive an order granting relief from stay to allow Home Builders to have the Property sold at Sheriff's Sale. The filing of the current bankruptcy is a bad faith attempt to manipulate and abuse the bankruptcy process to prevent the prior agreements made in bankruptcy from being completed and to prevent the Sheriff's sale of the Property.

The Debtor should not be allowed to make multiple agreements with Home Builders in the First and Second Prior Bankruptcies, fail to fulfill the agreements, stop making payments to Home Builders, force Home Builders to commence the Sheriff's sale process repeatedly only to convince it to voluntarily delay and/or withdraw the Sheriff's sales, and then file a third Chapter 13 proceeding to further prevent the sale of the Property by the Sheriff. The Debtor's actions are a manipulation and abuse of the bankruptcy system and such conduct should not be allowed to succeed.

### III. CONCLUSION

For the reasons set forth above, Home Builders is entitled to an Order that the stay does not apply to Home Builders or the Sheriff's sale in the Foreclosure Action.


*/s/ John E. Haller*

John E. Haller (jhaller@slk-law.com)(0031289)
SHUMAKER, LOOP & KENDRICK, LLP
41 South High Street, Suite 2400
Columbus, OH 43215
Tel:  614.463.9441
Fax:  614.463.1108

David J. Coyle (dcoyle@slk-law.com)(0038966)
SHUMAKER, LOOP & KENDRICK, LLP
North Courthouse Square
1000 Jackson Street
Toledo, OH 43604-5573
Tel:  419.321.1418
Fax:  419.241.6894

*Attorneys for Creditor Home Builders Finance, Inc.*

### CERTIFICATE OF SERVICE WITH 21-DAY NOTICE OF MOTION

Creditor Home Builders Finance, Inc., by counsel, has filed its **MOTION FOR ORDER CONFIRMING INAPPLICABILITY OF AUTOMATIC STAY WITH MEMORANDUM IN SUPPORT** in this case. Notice is hereby given that unless a responsive pleading is filed within **21 days** from the date of this service, an order granting the foregoing **MOTION FOR ORDER CONFIRMING INAPPLICABILITY OF AUTOMATIC STAY WITH MEMORANDUM IN SUPPORT** may be issued by the Court without further notice or hearing as provided by LBR 9013-1(b). If you do not want the court to grant the relief sought in the Motion, then on or before **twenty-one (21) days from the date set forth below in this certificate of service for the motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, U.S. Bankruptcy Court, Southern District of Ohio, 120 West Third Street, Dayton, Ohio 45402 **or** your attorney must file a response using the court's ECF system. The court must receive your response on or before the above date. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

You must also send a copy of your response either by (1) the court's ECF system or by (2) regular U.S. Mail to:

Wayne P. Novick (gratefullawyer2@gmail.com)
2135 Miamisburg-Centerville Road
Centerville, OH 45459

*Attorney for Debtors*

Jeffrey M. Kellner (jmkellner@dayton13.com)
131 North Ludlow Street, Suite 900
Dayton, OH 45402

*Trustee*

John E. Haller (jhaller@slk-law.com)
SHUMAKER, LOOP & KENDRICK, LLP
41 South High Street, Suite 2400
Columbus, OH 43215

*Attorney for Creditor Home Builders Finance, Inc.*

David J. Coyle (dcoyle@slk-law.com)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, OH 43604-5573

*Attorney for Creditor Home Builders Finance, Inc.*

D. Anthony Sottile (bankruptcy@sottileandbarile.com)
18 West Monument Avenue
Loveland, OH 45140

*Attorney for Creditor Universal 1 Credit Union, Inc.*

Bradley C. Smith (bsmithagb@flhslaw.com) [1]
15 West Fourth Street, Suite 100
Dayton, OH 45402

*Attorney for Creditor Ohio Department of Taxation*

Cassandra Andres Rice (jmeiring@gplawdayton.com) [1]
GOTTSCHLICH & PORTUNE, LLP
201 East Sixth Street
Dayton, OH 45402

*Attorney for Creditor Miami Valley Hospital*

     The undersigned further certifies that a copy of the foregoing **MOTION FOR ORDER CONFIRMING INAPPLICABILITY OF AUTOMATIC STAY WITH MEMORANDUM IN SUPPORT** was served upon the following parties via the Court's ECF system at the email address registered with the court[1] or by ordinary U.S. mail, postage prepaid,[2] on October 1, 2018:

Wayne P. Novick (gratefullawyer2@gmail.com) [1]
2135 Miamisburg-Centerville Road
Dayton, OH 45459

Jeffrey M. Kellner (ecfclerk@dayton13.com) [1]
131 North Ludlow Street, Suite 900
Dayton, OH 45402-1161

Jimmy D. Brock – Debtor [2]
Lydia J. Brock – Co-Debtor [2]
5348 State Route 123
Franklin, OH 45345

U.S. Trustee [2]
c/o Assistant U.S. Trustee
Office of the U.S. Trustee
170 North High Street, Suite 200
Columbus, OH 43215-2417

D. Anthony Sottile (bankruptcy@sottileandbarile.com) [1]
18 West Monument Avenue
Loveland, OH 45140

Bradley C. Smith (bsmithagb@flhslaw.com) [1]
15 West Fourth Street, Suite 100
Dayton, OH 45402

Cassandra Andres Rice (jmeiring@gplawdayton.com) [1]
GOTTSCHLICH & PORTUNE, LLP
201 East Sixth Street
Dayton, OH 45402

*/s/ John E. Haller*
John E. Haller

SLK_TOL:#3199287v1

# Exhibit A

PROMISSORY NOTE

Amount: $58,000.00                                                                                   Dated: March 7, 2007

For value received, the undersigned promises to pay to the order of Home Builders Finance, D.B.A. Owner Builder Loan Services, a Michigan Corporation at its office at 2035 Hogback Road, Ann Arbor, MI 48105 ("Lender"), or to such other person or entity and/or at such other place as the holder of this Note may designate in writing, the principal sum of Fifty-Eight Thousand and No Cents or so much thereof as may be advanced or re-advanced to the undersigned, plus interest thereon, pursuant to the provisions that follow:

The unpaid principal balance of this Note and all accrued and unpaid interest shall be paid in lawful money of the United States of America. The unpaid principal balance of this Note, together with the then existing balance of accrued and unpaid interest, shall be due and payable on or before that date (the "Due Date") that is Six (6.00) months from and after the date of the first advance of monies to or on behalf of the undersigned pursuant to this Note ("the First Advance").

The principal balance of this Note outstanding from time to time shall bear interest until and after maturity (whether by acceleration or otherwise) at a rate equal to 5.00% plus the "prime rate" as published by the Wall Street Journal. Each change in the "prime rate" will immediately change the Note Rate. Accrued interest shall be payable on the first business day of each month until this Note is paid in full. In the case of the First Advance, if the first draw is made prior to the 16th of the month, interest on the First Advance shall be payable on the first business day of the month following the month which the First Advance is made. If the First Advance is made after the 16th day of the month, interest on the First Advance shall be payable on the first business day of the month following the month in which the First Advance is made. If any accrued interest is not paid when due, or within 5 days of the due date of that payment, you will pay a late fee equal to $15.00 or 5 percent of the amount of the scheduled payment, whichever is greater. Notwithstanding anything to the contrary contained in this Note, at no time shall the interest or late charges payable be greater than the maximum permitted by law.

Each maker and indorser expressly agrees that the maturity of this Note, or any payment hereunder, may be extended from time to time by the holder of this Note without in any way affecting the liability of any maker or indorser.

All payments made hereunder shall be applied first to costs, advances or late fees owing, second to accrued interest and the remainder, if any, to reduction of principal. The undersigned may prepay, in whole or in part, at any time and from time to time, without premium or penalty, the principal amount outstanding hereunder. The undersigned hereby acknowledges and agrees that the books and records of Lender shall be the best evidence of the date of the First Advance, the Due Date and the principal amount and the unpaid interest amount owing at any time hereunder and that said books and records shall be conclusive absent manifest error.

This Note and any and all obligations, liabilities and indebtedness of the undersigned to Lender, as well as any and all consolidations, renewals or extensions thereof, whether joint or several, contingent or absolute, NOW EXISTING OR HEREAFTER ARISING, howsoever evidenced (collectively, the "Indebtedness") are secured by the property, and the proceeds thereof that follow (the "Collateral"): (i) any and all securities or other property received by the undersigned with respect to, on account of or in exchange for any time of the Collateral; (ii) all stock and/or liquidating dividends (whether the same be in the form of cash or other property) paid upon, on account of or with respect to any items of Collateral; (iii) all items, and the proceeds thereof, deposited in any account of the undersigned with Lender; (iv) all rights and properties described in each and every Promissory Note, Mortgage, security agreement (including, but not limited to, this Note and that certain Mortgage of even date herewith, encumbering real property in County, Ohio and executed by the undersigned for the benefit of Lender, and that certain Construction Loan Agreement of even date herewith between the undersigned and Lender [the "Loan Agreement"]), pledge, assignment and other agreement which has been or will hereafter from time to time be executed by the undersigned to or for the benefit of Lender, and any amendments to any of the foregoing instruments (such instruments and amendments referred to jointly and severally as the "Agreements"); and (v) any and all property of the undersigned of any kind whatsoever which shall at any time be in the possession or under the control of Lender.

Notwithstanding anything to the contrary contained in this Note, if an Event of Default occurs, the Lender may, in its sole and absolute discretion and without notice to the undersigned, undertake one or more of the actions that follow: (i) declare all or any part of the Indebtedness to be immediately due and payable; (ii) sell or liquidate all or any part of the Collateral; (iii) charge interest at the rate hereinbefore specified; and/or (iv) exercise any one or more of the rights and remedies granted to Lender under the Agreements.

In the event that all or any part of the Indebtedness is declared immediately due and payable, Lender shall be permitted to offset against such accelerated Indebtedness: (i) any amount owing by Lender to the undersigned; (ii) any amount in any account of the undersigned with Lender; and/or (iii) any property of the undersigned in possession of Lender.

An event of default (an "Event of Default") shall be deemed to have occurred if (i) the undersigned fails to pay when due any of the Indebtedness (Non-compliance with any monetary provision is an event of default) or (ii) the undersigned fails to perform, observe or comply with any non-monetary provision of any of the Agreements (including, without limitation, the Loan Agreement) and such failure continues for a period of thirty (30) days after written notice to the undersigned by Lender.

The rights and remedies provided by this Note are cumulative to the rights and remedies provided by the Agreements and applicable law. Nothing herein is intended, nor shall it be construed, to preclude the exercise of any one or more of the rights and remedies provided by this Note, the Agreements and/or applicable law. This Note shall bind the undersigned and the successors and assigns of the undersigned.

Each maker and indorser waives presentment, demand, protest and notice of dishonor. Each maker and indorser agrees that no extension or indulgence to the undersigned or release or nonenforcement of any security or release of any guarantor or accommodation party, whether with or without notice, shall affect the obligations of any maker, indorser or accommodation party. Each maker and indorser agrees to reimburse the holder of this Note for any and all costs and expenses (including, but not limited to, attorneys' fees) incurred in collecting or attempting to collect this Note.

This Note shall be construed and interpreted in accordance with the laws of the State of Ohio. If more than one person signs this Note, all obligations are joint and several.

_____                 3-07-07
Jimmy Darren Brock                               Date

# CONSTRUCTION LOAN AGREEMENT

Dear Jimmy Darren Brock,                                                                March 7, 2007

This Construction Loan Agreement (together with any amendments thereto, the "Agreement") sets forth the terms of your construction loan with Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation ("Loan").

In this Agreement the words "you" and "your" refer to all persons (individually and, if more than one, jointly and severally) who sign this Agreement. If there is more than one person, the obligations imposed by this Agreement may be enforced against all such persons or, at Lender's option, against any of them. The word "Lender" refers to Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation and its successors and assigns.

1.   **LOAN.** Subject to the terms of this Agreement, Lender agrees to lend an amount up to the principal sum set forth in the promissory note of even date herewith (together with any amendments thereto, the "Note"), to be advanced and re-advanced from time to time as more particularly described in this Agreement ("Principal Amount"). The first advance of the Loan made to you or on your behalf is referred to as the "First Advance." You agree to borrow an amount not to exceed the Principal Amount and to request the First Advance within 30 days of the date you sign this Agreement and the Note. If you do not request the First Advance within 30 days, Lender may at its option cancel this Agreement and the Loan. You agree to repay the Principal Amount of the Note, or so much of it as then may be outstanding, and all then accrued and unpaid interest thereon, on that date that is Six (6) months from and after the date of the First Advance ("Due Date"). Concurrently with the execution of this Agreement, you agree to execute the Note and a Mortgage (together with any amendments thereto, the "Mortgage") granting Lender a security interest in the property to be improved by, as well as future improvements to be funded by, the Loan (the "Premises"). This Agreement, the Note, the Mortgage, and any other documents that may be subsequently executed by you for the benefit of Lender in connection with the Loan are sometimes referred to in this Agreement as the "Loan Documents." The construction to take place on the Premises (located at: 5348 St Rt 123, Franklin, , Ohio) is referred to as the "Project".

WARNING: THIS LOAN IS ONLY A SHORT TERM CONSTRUCTION LOAN HAVING A TERM OF 6 MONTHS. GRANTING OF THE LOAN IS IN NO WAY A GUARANTEE OR PROMISE OF YOUR ABILITY TO OBTAIN LONG-TERM FINANCING UPON COMPLETION OF THE PROJECT. YOU HAVE BEEN GRANTED THIS LOAN ON THE BASIS OF THE PROJECT'S EQUITY AND YOU MAY NOT QUALIFY FOR A CONFORMING LONG-TERM REAL ESTATE LOAN. IT IS YOUR RESPONSIBILITY TO OBTAIN LONG-TERM FUNDS TO PAY BACK THE LOAN.

2.   **INTEREST.** Interest, at the rate and in the manner set forth in the Note, shall accrue on each advance of the Loan from the date of such advance of the Loan and shall continue to accrue until all advances of the Loan are repaid. Whenever any accrued interest is not paid when due, and payment is not made within 5 days of the due date of that payment, Borrower will pay a late fee equal to $15.00 or 5 percent of the amount of the scheduled payment, whichever is greater. You agree to pay all accrued and unpaid interest in full on the First business day of each month until the Loan is repaid in full. In the case of the First Advance, accrued and unpaid interest shall be payable on the First business day of the month following the first draw.   If the First Advance is made on or prior to the 16th day of such month, the First Interest Payment will be due the first business day of the following month.   If the First Advance is made on or subsequent to the 16th day of the month, the First Interest Payment is payable on the first business day of the month following the month in which the First Advance is made.

3.   **FEES.** In connection with the Loan, you agree to pay Lender, at the times and in the amounts set forth in this Agreement, the fees that follow:

Concurrently with the funding of the First Advance you shall pay to Lender construction loan fees equal in amount to Two Thousand Five Hundred Ninety-Five And Xx / 100 ($2,595.00) and Five Hundred Fifty Dollars and No Cents ($550.00). The following fees are non-refundable and will be automatically drawn from the proceeds of the Loan:

| | |
|---|---|
| Origination | $1,495.00 |
| Servicing | $1,100.00 |
| | |
| Underwriting Fee | $450.00 |
| Document Prep Fee | $100.00 |

B.   Each advance of the Loan as to which you request Lender to void or stop payment is subject to a $35 nonpayment fee. Checks or other instruments you issue in payment to Lender, which are returned to Lender unpaid are subject to a return check fee of $35. The Note and the Mortgage set forth certain late fees and/or additional interest that may be applicable to late payments of interest or principal. Read your Note and Mortgage carefully.

4.   **REPRESENTATIONS AND WARRANTIES.** In order to induce Lender to enter into this Agreement and to make the Loan, you covenant with, and represent and warrant to, Lender as follows: (a) you have good and marketable fee simple absolute title to the Premises free from all liens and encumbrances other than such liens and encumbrances as are specifically and expressly consented to by that Lender in writing; (b) any financial statement or other information you have provided to Lender is true and correct, since the date thereof no materially adverse change has occurred in your financial condition, and no additional borrowing has been made by you since the date thereof other than the borrowing contemplated by the Loan Documents or consented to in writing by Lender; (c) there are no actions, suits, or proceedings pending, or to the best of your knowledge, threatened or in default against or affecting you or the Premises, at law or in equity, or before any governmental authority, which, if adversely determined, would materially impair your ability to satisfy your obligations to Lender under the Loan Documents; (d) no violation of any governmental requirement exists with respect to the Premises or the Project, the anticipated use of the Premises and the Project complies with applicable zoning or licenses, regulations and restrictive covenants affecting the Premises; (e) you have obtained all licenses, permits, authorizations, consents or approvals from each governmental authority necessary for construction of the Project, and all such licenses, permits, authorizations, consents or approvals are in full force and effect; (f) you are not in default under any of the Loan Documents or for the payment of any other indebtedness or the terms and provisions of any agreement or instrument evidencing such indebtedness, and no event has occurred by which notice, the passage of time or otherwise would constitute an event of default under the Loan Documents; (g) the Premises have adequate rights of access to public utilities and/or private water, sanitary services and storm drain facilities, as well as rights of access to a public way; (h) you will employ the proceeds of the Loan solely for the purpose of paying costs as set forth in a budget for construction of the Project that is acceptable in form and substance to Lender; (i) except for any proposed borrowing already disclosed to Lender, you will not require or avail yourself of any additional extension of credit for purposes of constructing the Project; (j) upon completion of the Project you will occupy the Premises as your primary residence; (k) the Mortgage constitutes a lien or encumbrance of first priority on the Premises; (l) no representation or warranty by you in the Loan Documents or otherwise made to Lender contains, or will contain, any untrue statement of a material fact, or omits, or will omit, to state a material fact necessary to make the statements contained in the Loan Documents or otherwise made not misleading.

5.   **CONDITIONS TO ALL ADVANCES.** The failure of any one of such conditions shall excuse Lender from funding any advance of the Loan (including the First Advance).

  I)   All Loan Documents have been executed by you and Lender and, if required or desired by Lender, recorded or filed.

  II)   Lender shall have obtained a title insurance policy insuring the interest of Lender in the Premises, acceptable to Lender in form, substance and amount, listing only such exceptions, liens and encumbrances as are acceptable to Lender and containing such endorsements or other features as may be required or desired by Lender.

  III)   Borrower(s) to supply Closing Office with sufficient payment to cover Title Insurance, Closing Costs and Recording Fees, along with any additional fees at closing.

Please Initial:   _JB_

Loan Number: 1186-1174                                        Page 1

## CONSTRUCTION LOAN AGREEMENT

IV) You shall have delivered to Lender evidence of an effective Builders Risk Insurance Policy with a paid premium up to the maturity of the Loan, in an amount equal to or greater than the Loan amount containing the following Mortgagee clause.

Home Builders Finance, D.B.A. Owner Builder Loan Services, its successors and/or assigns
2035 Hogback Road
Ann Arbor, MI 48105

V) Borrower(s) to provide Lender with copy of Building Permit. If your county or city does not require a building permit and/or does not perform any of the following inspections: Foundation, Rough Framing, Rough Heating/Cooling, Rough Electrical, Rough Plumbing, Finish Heating/Cooling, Finish Electrical, Finish Plumbing, and Final Building, then at the Lender's option, may hire outside home inspectors at Borrower's expense.  If any inspection shows code violations are present, then no further draws will be released until violations have been corrected and re-inspected at Borrower's expense.

VI) No checks will be payable to borrowers for their own labor, or to companies that they have an ownership interest in without prior approval with OBLS.

VII) As of the date you request any advance of the Loan (including the First Advance), you shall not be in default under the Loan Documents, and no event shall exist which by notice, passage of time or otherwise, would constitute an event of default under the Loan Documents.

VIII) The Project shall not have been materially damaged by fire or other casualty; or if so damaged, you shall have complied with the insurance requirements of the Loan Documents.

IX) Final mortgage commitment letter from the lender who will refinance your construction loan when the house is finished.  If you have already provided this letter to the Lender, then you do not have to do it again.

X) Borrower(s) Conditions to Construction Draw Releases:

**Stage 1**
Draws may be ordered from the following categories: Excavation, backfill, rough grading, footings, foundation walls, under ground plumbing, concrete floors, drive way, well or water connection and septic or sewer connection.  If any of these items are not drawn, they will automatically be carried over to stage 2.
Before the release of draws from Stage 1, the following must be performed:
1) No inspection is required at this time, unless construction was started prior to close.
2) All requirements on your Conditional loan approval are satisfied.
3) All closing documents must be signed and returned to OBLS from the closing agent.

**Stage 2**
Draws may be ordered from the following categories: Steel beams, rough framing materials, rough framing labor, windows, doors, exterior siding, roofing, shingles, garage door, and fireplace.  You may also order any draws that were not ordered in stage 1.
Before the release of draws from Stage 2, you need to order and/or provide to OBLS, the following items:
1) New mortgage survey containing your foundation as situated on your lot. Survey must
   contain surveyor's embossed seal.*
2) Inspection by your building department verifying foundation work has passed code.
3) Contractor's Affidavit signed by you.
   *Bank inspections will be required after every three line items drawn, regardless of the order they are drawn, or advances totalling 10% of the loan amount, whichever comes first.*

**Stage 3**
Draws may be ordered from the following categories: Gutters, rough plumbing, rough heating/cooling, rough electrical. You may also order draws that were not ordered in stages 1 and 2.
Before the release of draws from Stage 3, you need to order and/or provide to OBLS the following items:
1) All work for draws from Stage 2 must be completed.  A bank inspection will be required to verify. *Please note: Before draws will be made available for categories in Stage 3, OBLS must verify that all rough framing, windows, doors and roofing are 100%complete.*
2) Please sign and return a Contractor's Affidavit Form, which was supplied by OBLS at your construction loan closing.  The affidavit is verification that the work done to date has been paid in full. (please call 800.543.5600 for additional copies)
   *Bank inspections will be required after every three line items drawn, regardless of the order they are drawn, or advances totalling 10% of the loan amount, whichever comes first.*

**Stage 4**
Draws consist of the following categories: Insulation and drywall / sheetrock /plaster. You may also order any draws that were not ordered in Stages 1, 2, and 3.
Before the release of draws from Stage 4, you need to order and/or provide to OBLS the following items:
1) Please obtain verification from your building department that rough-framing work has passed code. Please forward the verification to OBLS.
2) Please obtain verification from your building department that all rough plumbing work has passed code.  Please forward verification to OBLS.
3) Please obtain verification from your building department that all rough electrical work has passed code. Please forward verification to OBLS.
4) Verification from your building department that all rough heating/cooling work has passed code. Please forward the verification to OBLS.
5) All work for all draws from Stage 3 must be completed. A bank inspection will be required to verify.
6) Please sign and return a Contractor's Affidavit Form, which was supplied by OBLS at your construction loan closing.  The affidavit is verification that the work done to date has been paid in full. (please call 800.543.5600 for additional copies)
   *Bank inspections will be required after every three line items drawn, regardless of the order they are drawn, or advances totalling 10% of the loan amount, whichever comes first.*

**Stage 5**
Draws consist of the following categories: light fixtures, finish plumbing, finish electrical, finish heating/cooling, finish trim materials and labor, cabinets, counter tops, ceramic tile, Interior paint, finish flooring/carpeting, finish grading/landscaping and appliances. You may also order any draws that were not ordered in Stages 1, 2, 3, and 4.
Before the release of draws from Stage 5, you need to order and/or provide to OBLS the following items:
1) All work for draws from stage 4 must be completed.  A bank inspection will be required to verify.
2) Please sign and return a Contractor's Affidavit Form, which was supplied by OBLS at your construction loan closing.  The affidavit is verification that the work done to date has been paid in full. (please call 800.543.5600 for additional copies)
3) Please obtain verification from your building department that confirms that your final plumbing work has passed code. Please forward the verification to OBLS.
4) Please obtain verification from your building department that confirms that your final electrical work has passed code. Please forward the

CONSTRUCTION LOAN AGREEMENT

verification to OBLS.

5) Please obtain verification from your building department that confirms that your final heating and cooling work has passed code. Please forward the verification to OBLS.

*Bank inspections will be required after every three line items drawn, regardless of the order they are drawn, or advances totalling 10% of the loan amount, whichever comes first.*

*Non inspectable items, permits, insurance, surveys and utilities will require receipts or invoices.*

6. UNDERLINE CONDITIONS TO CERTAIN ADVANCES.

    A. In connection with the attached Building Budget, your right to request and receive draws and Lender's obligation to fund draws for the following categories: Steel Beams, Materials for Framing, Labor for Framing, Windows, Shingles & Roofing, Concrete Floors, Fireplaces, and Garage Overhead Doors, are subject to the delivery of:

        I) A mortgage survey or foundation survey to Lender that is acceptable to Lender in form and substance.

        II) Confirmation from your building department or a building inspector that all foundation work has been performed to code.

        III) If you are purchasing a kit or package type home that requires payment upon delivery, please notify Lender three (3) business days in advance of delivery (not including day requested or day of delivery) and Lender will hand deliver the check to you at your construction site and will release the check upon delivery of the materials.

    B. In connection with the attached Building Budget, your right to request and receive draws and Lender's obligation to fund draws for the following categories: Rough In Plumbing, Rough In Heating/Cooling, and Rough In Electrical, are subject to the delivery of:

        I) Confirmation from inspector that all Framing, Windows, Exterior Doors and Roofing are completely installed.

    C. In connection with the attached Building Budget, your right to request and receive draws and Lender's obligation to fund draws for the following categories: Insulation, Drywall, Finish Trim, Kitchen and Bathroom Cabinets, Counter Tops, Interior Painting, Ceramic Tile, Appliances or Floor Coverings, are subject to the delivery of:

        I) The Lender's Inspection Report (provided by Lender) verifying all code inspections have been approved. If your county or city does not require a building permit or building inspections, all rough framing, rough heating, rough plumbing, and rough electrical must be inspected and approved by an inspector selected by Lender at Borrower's expense. If code violations are present, then no further draws will be released until violations have been corrected and re-inspected at Borrower's expense.

        II) Final mortgage commitment letter from the lender who will refinance your construction loan when the house is finished. If you have already provided this letter to the Lender, then you do not have to do it again.

7. PROCEDURES FOR REQUESTING ADVANCES. Only you shall make all requests for advances of the Loan. Draws are processed Monday through Friday between 9:00 A.M. and 12:30 P.M. EST. When requesting a draw, please call, e-mail, fax or mail to us your name, site address, and name of the category(s) from the Building Budget that you are requesting from, the dollar amount and method of delivery.

    An advance of the Loan will be made (i) only if all of the conditions to the requesting and funding of such advance have been satisfied or waived and (ii) only for completed work pursuant to the Staged Draw Requirements and Procedures. Funds are transferable from one Budget Stage to the next upon completion of each stage.

An advance of the Loan will be mailed to you or sent via United Parcel Service (on your request) on the first business day after the day of request, or may be picked up by you at the office of Lender located at 2035 Hogback Road, Ann Arbor, Michigan 48105 on the first business day after the day of request.

8. EXTENSIONS TO LOAN: If you request an extension to the 6 month term of the Loan, Lender may (but shall not be obligated to) agree to grant such an extension. If the extension is granted, you shall promptly execute and deliver to Lender appropriate amendments to the Loan Documents. Concurrently with the execution of such extension to the Loan Documents, you shall pay Lender a fee equal in amount to 1% of the current loan amount. This fee will be added to the Principal Amount of your Loan. This extension will be for a 3 month term. The maximum number of extensions to your construction loan is eight (8).

9. AFFIRMATIVE COVENANTS. You covenant with, and represent and warrant to, Lender as follows:

    A. You shall permit Lender and its duly authorized agents free access to the Premises and the Project to inspect the Premises and the Project.

    B. You shall notify Lender of any loss or damage to the Premises or the Project within ten (10) days of the occurrence of said loss or damage.

    C. All copies of the Plans delivered to Lender shall become and be the property of Lender and Lender shall not have any duty or obligation to return the same to you.

    D. The Budget was prepared by you, and is your best estimate of the costs expected to be incurred in constructing the Project. The Budget was not prepared by Lender and Lender has no responsibility with respect thereto or any component thereof. In the event that the costs actually incurred by you in constructing the Project are greater than the principal sum stated in the Note, Lender shall not have any duty or obligation to advance sums to you beyond the principal sum stated in the Note.

E. If any inspection of the Project discloses that advances of the Loan have been made for either labor that has not been performed or materials that have not been delivered to the Premises, then Lender, at any time and from time to time, without notice and its sole and absolute discretion, may refuse to make any advance of the Loan. Notwithstanding anything to the contrary express or implied, Lender shall not incur any liability due to any such refusal, and your liability under the Loan (including your liability for any and all amounts of the Loan previously advanced) shall not be affected by any such refusal.

10. NEGATIVE COVENANTS. You covenant with, and represent and warrant to Lender that you shall not do any of the following without the prior written consent of Lender:

    A. Change, amend, or modify the Plans or the Budget. Undertake or suffer any work to be done upon the Premises, other than the construction of the Project as contemplated by this Agreement, the Plans and the Budget.

    B. Cause, suffer or permit any change or amendment to, or construction of the Project other than in substantial conformity with the Plans.

11. EVENTS OF DEFAULT. Each of the following shall constitute an event of default ("Event of Default") under the Loan Documents:

    A. If you shall fail to pay any monetary obligation when due as provided in the Loan Documents.

B. If you fail to perform, observe or comply with any of the non-monetary terms, covenants, conditions or provisions contained in any Loan Document and any such failure shall continue for a period of thirty (30) days after written notice thereof shall have been given to you by Lender.

12. REMEDIES. If an Event of Default shall occur, Lender, at its option, may (but shall not be obligated to) exercise any of the rights and remedies that follow:

    A. Terminate any obligation to make any advances of the Loan and/or declare the entire outstanding principal balance of the Loan, together

Please Initial: JB

Loan Number: 1186-1174

CONSTRUCTION LOAN AGREEMENT

with all interest thereon, to be due and payable immediately, anything contained in the Loan Documents to the contrary notwithstanding.

B.    Enforce, or avail itself of any and all remedies provided in the Loan Documents (specifically including, but not limited to, foreclosure of the Mortgage).

13.    ATTORNEY FEES. Should Lender, at its sole option, elect to employ the services of an attorney to represent it in the enforcement of any obligation undertaken by you in favor of Lender, or undertaken by any third person in favor of you in connection with the Loan or the Loan Documents, or to participate in any legal proceedings in any way connected with the Loan or the Loan Documents, you hereby agree to pay to Lender upon demand the reasonable fees and expenses of said attorneys.

14.    INSURANCE. All payments to your insurance agent for the procurement or renewal of Builders Risk Insurance will be paid from the construction loan, if payment is not made by you. If the loan does not have sufficient funds to pay for the Builders Risk Insurance, then Lender will pay for it and add it's cost to the amount due Lender when the Loan is refinanced or repaid. In the event of any loss or damage to the Project resulting in a right accruing in favor of you for any payment of insurance proceeds occasioned by such loss or damage, all such payments of insurance proceeds shall be made payable and paid to Lender only, and all policies of insurance shall be appropriately endorsed to require payment in such a matter.

15.    SIGNS. You agree to permit Lender to post signs on the Premises for the term of the Loan that (i) indicate that Lender has provided financing for the Project and (ii) permit Lender and its agents to easily locate and identify the Project.

16.    INSPECTIONS. The Borrower pays the cost of inspections and re-inspections from the construction loan. Inspections will be ordered upon funding and completion of a maximum of three line items from the budget or advances totalling 10% of the loan amount, whichever occurs first, and at the completion of each stage of the Building Budget, to verify that all work and materials for said Categories or Stage of the Budget have been completed. If an inspection of the Project by Lender discloses that advances from the Construction Loan have been made for either labor that has not been performed or materials that have not been performed, draws for the next Stage of the Budget or further categories will not be released. Lender may re-inspect the Project to determine that such labor has been performed or such materials have been delivered before the release of additional funds from the Construction Loan at Lenders discression. In addition, at any time during the term of the Construction Loan that the Project is idle without financial activity, for a period of six weeks, the Lender will order inspections every six weeks to assure that the Project remains in good standing condition.

17.    WAIVER. The waiver by Lender of any provision of the Loan Documents shall not be deemed to be a waiver of any subsequent breach of the same provision or any other provision of the Loan Documents. No custom or practice which may grow up between you and Lender in the administration of the Loan and the provisions of the Loan Documents shall be construed to waiver or lessen the right of Lender to insist upon the performance by you of the provisions of the Loan Documents in strict accordance with said provisions. The subsequent acceptance by Lender of payments of the Loan shall not be deemed to be a waiver of any preceding breach by you of any provision of the Loan Documents other than the failure of you to pay the particular payment so accepted, regardless of Lender's knowledge of such preceding breach at the time of acceptance of such payment.

18.    NOTICES. Any notice, demand, request or other instrument which may be or is required to be given under this Agreement shall be given to Lender at its office at 2035 Hogback Road, Ann Arbor, MI 48105 and to you at the address in Lender's files as of the date of this Agreement.

19.    GOVERNING LAW. The Loan is made and accepted, and all instruments related thereto are executed and delivered, in the state where the Premises are located, and this Agreement and all the Loan Documents shall be governed by, and construed in accordance with, the laws of such state.

20.    ASSIGNABILITY. You hereby specifically grant Lender the right and privilege, at Lender's option, to transfer and assign to any third person or entity all or any part of Lender's rights hereunder, including without limitation the right to receive funds or payments. You may not assign your obligations without Lender's prior written approval, which Lender may withhold for any reason whatsoever. You hereby consent to and agree to the servicing of the Loan by the Lender or by an affiliate of the Lender on behalf of the Lender.

21.    MERGER CLAUSE. The Loan Documents (including, without limitation this Agreement, the Note and the Mortgage) constitute the entire agreement between Lender and you with respect to the Loan. All prior and contemporaneous agreements, commitments, covenants, negotiations, representations, warranties and writings relating to the Loan Documents (including, without limitation, this Agreement, the Note, the Mortgage and/or the Loan) are hereby merged into, and superseded by the Loan Documents (including, without limitation, this Agreement, the Note and the Mortgage.) The Loan Documents (including, without limitation, this Agreement, the Note, the Mortgage and the Loan) shall be modified or amended only pursuant to a writing (i) indicating on its face that it is such a modification or an amendment and (ii) signed by you and the president of Lender. The Loan Documents, (including, without limitation, this Agreement, the Note and the Mortgage) shall be construed to be compatible. In the event of any conflict between this Agreement, the Note and the Mortgage, this Agreement shall control. Any default by you under this Agreement shall be a default by you under the Note and the Mortgage, and any default by you under the Note and/or the Mortgage shall be a default by you under this Agreement.

22.    REFINANCE CLAUSE. This construction loan has been priced and underwritten with the assumption that, upon the completion of construction, the borrower will be refinancing the construction loan with another mortgage that is in the borrower's name. If this construction loan is refinanced by a party other than the borrower, an additional fee equal to 3% of the construction loan amount will be charged to the borrower and added to the payoff amount to the construction loan. Construction loans that are not refinanced by the borrower are considered a higher risk and have higher costs and qualification requirements.

The parties hereto have executed this Agreement and attached exhibit(s) as of March 7, 2007.

_____    3-09-07
Jimmy Darren Brock    Date

BY:    Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation

_____    Date _____

Its _____

Please Initial: _____
Loan Number: 1186-1174    Page 4

## AMENDMENT TO PROMISSORY NOTE

THIS AMENDMENT TO PROMISSORY NOTE (the "Amendment") dated as of the 20th day of July, 2007, by and between Jimmy Darren Brock, a Married Man, of 2984 Austin Springs Blvd, #H, Miamisburg, OH 45342 ("Borrower(s)"), and Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation with offices at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lenders").

### WITNESSETH:

WHEREAS, Borrower(s) obtained from Lender a Loan in accordance with the terms and provisions of a certain Construction Loan Agreement dated March 7, 2007 between Borrower(s) and Lender (the "Loan Agreement"); and

WHEREAS, Borrower(s) are indebted to Lender for money loaned and advanced by Lender to Borrower(s) in accordance with the terms and provisions of the Loan Agreement, which indebtedness (i) is evidenced by a promissory note having an initial stated principal amount of $58,000.00 and dated March 7, 2007 (the "Original Note"), and (ii) is secured by a certain Mortgage, dated March 7, 2007, encumbering the real property more particularly described on the attached Exhibit A, and recorded in on of the records of Warren County, Ohio (the "Original Mortgage"); and

WHEREAS, Borrower(s) have applied to Lender, and Lender has agreed, to extend the maturity of the Loan and/or to increase the stated principal amount of the Loan and

WHEREAS, in connection with such increase, Borrower(s) and Lender have executed, among other instruments, an amendment to the Original Mortgage (such amendment and all prior amendments to the Original Mortgage, being the "Amendment to Mortgage" and the Original Mortgage and the Amendment to Mortgage being the "Mortgage") and this instrument (this instrument and all prior amendments to the Original Note being the "Note Amendment," and the Original Note and the Note Amendment being the "Note").

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower(s) and Lender agree as follows:

1.  All capitalized terms not otherwise defined herein are defined herein as in the Loan Agreement.

2.  The first three paragraphs of the Note are amended and restated in their entirety so as to read and provide as follows:

"FOR VALUE RECEIVED, the undersigned promises to pay to the order of HOME BUILDERS FINANCE, INC. D.B.A. OWNER BUILDER LOAN SERVICES, a Michigan Corporation, at its office at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lender") or at such other place as the holder of this Note may designate in writing, the principal sum of Seventy Three Thousand Eight Hundred Ninety Five And Xx / 100 Dollars ($73,895.00) or so much thereof as may be advanced or readvanced to the undersigned, plus interest thereon 9 months from the day monies were first advanced under the terms of the original promissory note from the undersigned to Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, dated March 7, 2007 (the "First Advance"), in lawful money of the United States of America with interest hereon at the rate of Thirteen and Twenty-Five Hundredths Percent (13.25%) per annum.

Interest shall accrue on all amounts advanced from the date of each advance until said amounts are repaid in accordance with the terms of this Note. Interest shall be payable on the last business day of each month. In the case of the First Advance, interest on the First Advance shall be payable on the last business day of the month in which the First Advance is made if the First Advance is made prior to the 15th day of the month. If the First Advance is made on or subsequent to the 15th day of the month, interest on the First Advance shall be payable on the last business day of the month following the month in which the First Advance is made. If any monthly installment of interest, or any part thereof, remains unpaid after the due date, the unpaid amount shall accrue interest at a rate of ten (10%) percent per annum until said amount is repaid, or until maturity of this Note, whichever occurs first. Notwithstanding anything to the contrary contained herein, at no time shall the interest or late charges payable be greater than the maximum permitted by law.

As to this Note and the Mortgage and any other instrument securing the indebtedness, the undersigned and any endorsers severally and expressly agree that the maturity of this Note, or any payment hereunder, may be extended from time to time by the holder without in any way affecting the liability of the undersigned or said endorsers."

3.    The Note is to be construed according to the laws of Michigan.  If more than one person signs this instrument as Borrower(s), then all obligations of the Borrower(s) under the Note are joint and several.

4.    The Loan shall be evidenced by the Note and the other Loan Documents and secured by all existing collateral and other security under the Mortgage and the other Loan Documents.   Except as expressly amended and modified by the Amendment to Mortgage and the Note Amendment, the Loan Documents (including, without limitation, the Loan Agreement, the Note and the Mortgage), and all of the representations, warranties, covenants, agreements, indemnifications and other terms and provisions thereof, are hereby ratified, confirmed and reaffirmed in all respects, and are hereby remade as of the date hereof.

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first appearing above.

BORROWER(S):                                     LENDER:

_____   7-23-07        HOME BUILDERS FINANCE, INC. D.B.A.
Jimmy Darren Brock                  Date            OWNER BUILDER LOAN SERVICES
                                                 a Michigan Corporation


                                                 BY_____
                                                       Diane E. Gallup
                                                       Its Vice President

EXHIBIT A

DESCRIPTION OF REAL ESTATE

Mortgagor:           Jimmy Darren Brock and Lydia Brock
Tax Code No.:

SITUATED IN FRANKLIN TOWNSHIP, WARREN COUNTY, OHIO, BEING A PART OF SECTION 23, TOWN 3, RANGE 4, AND BEING LOT NUMBER 1, AS THE SAME IS KNOWN AND DESIGNATED ON THE RECORDED PLAT OF BROCK'S ESTATE, AS RECORDED IN PLAT BOOK NO. 70, PAGE NO. 9 OF THE PLAT RECORDS OF WARREN COUNTY, OHIO.

PARCEL NO. 08-23-310-004

COMMONLY KNOWN AS 5348 STATE ROUTE 123, FRANKLIN, OHIO 45005

## AMENDMENT TO PROMISSORY NOTE

THIS AMENDMENT TO PROMISSORY NOTE (the "Amendment") dated as of the 7th day of March, 2008, by and between Jimmy Darren Brock, a Married Man, of 5348 St Rt 123, #H, Franklin, OH 45005 ("Borrower(s)"), and Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation with offices at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lenders").

### WITNESSETH:

WHEREAS, Borrower(s) obtained from Lender a Loan in accordance with the terms and provisions of a certain Construction Loan Agreement dated March 7, 2007 between Borrower(s) and Lender (the "Loan Agreement"); and

WHEREAS, Borrower(s) are indebted to Lender for money loaned and advanced by Lender to Borrower(s) in accordance with the terms and provisions of the Loan Agreement, which indebtedness (i) is evidenced by a promissory note having an initial stated principal amount of $58,000.00 and dated March 7, 2007 (the "Original Note"), and (ii) is secured by a certain Mortgage, dated March 7, 2007, encumbering the real property more particularly described on the attached Exhibit A, and recorded in Document No. 200702044, Book 4417, Page 534, on March 15, 2007 of the records of Warren County, Ohio (the "Original Mortgage"); and

WHEREAS, Borrower(s) have applied to Lender, and Lender has agreed, to extend the maturity of the Loan and/or to increase the stated principal amount of the Loan and

WHEREAS, in connection with such extension, Borrower(s) and Lender have executed, among other instruments, an amendment to the Original Mortgage (such amendment and all prior amendments to the Original Mortgage, being the "Amendment to Mortgage" and the Original Mortgage and the Amendment to Mortgage being the "Mortgage") and this instrument (this instrument and all prior amendments to the Original Note being the "Note Amendment," and the Original Note and the Note Amendment being the "Note").

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower(s) and Lender agree as follows:

1.  All capitalized terms not otherwise defined herein are defined herein as in the Loan Agreement.

2.  The first three paragraphs of the Note are amended and restated in their entirety so as to read and provide as follows:

"FOR VALUE RECEIVED, the undersigned promises to pay to the order of HOME BUILDERS FINANCE, INC. D.B.A. OWNER BUILDER LOAN SERVICES, a Michigan Corporation, at its office at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lender") or at such other place as the holder of this Note may designate in writing, the principal sum of One Hundred Thousand Eight Hundred Thirty-Nine And Xx / 100 Dollars ($100,839.00) or so much thereof as may be advanced or readvanced to the undersigned, plus interest thereon 15 months from the day monies were first advanced under the terms of the original promissory note from the undersigned to Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, dated March 7, 2007 (the "First Advance"), in lawful money of the United States of America with interest hereon at the rate of Eleven and Zero Hundredths Percent (11.00%) per annum.

Interest shall accrue on all amounts advanced from the date of each advance until said amounts are repaid in accordance with the terms of this Note. Interest shall be payable on the last business day of each month. In the case of the First Advance, interest on the First Advance shall be payable on the last business day of the month in which the First Advance is made if the First Advance is made prior to the 15th day of the month. If the First Advance is made on or subsequent to the 15th day of the month, interest on the First Advance shall be payable on the last business day of the month following the month in which the First Advance is made. If any monthly installment of interest, or any part thereof, remains unpaid after the due date, the unpaid amount shall accrue interest at a rate of ten (10%) percent per

Loan Number: 1186-1174

annum until said amount is repaid, or until maturity of this Note, whichever occurs first. Notwithstanding anything to the contrary contained herein, at no time shall the interest or late charges payable be greater than the maximum permitted by law.

As to this Note and the Mortgage and any other instrument securing the indebtedness, the undersigned and any endorsers severally and expressly agree that the maturity of this Note, or any payment hereunder, may be extended from time to time by the holder without in any way affecting the liability of the undersigned or said endorsers."

3.   The Note is to be construed according to the laws of Michigan. If more than one person signs this instrument as Borrower(s), then all obligations of the Borrower(s) under the Note are joint and several.

4.   The Loan shall be evidenced by the Note and the other Loan Documents and secured by all existing collateral and other security under the Mortgage and the other Loan Documents. Except as expressly amended and modified by the Amendment to Mortgage and the Note Amendment, the Loan Documents (including, without limitation, the Loan Agreement, the Note and the Mortgage), and all of the representations, warranties, covenants, agreements, indemnifications and other terms and provisions thereof, are hereby ratified, confirmed and reaffirmed in all respects, and are hereby remade as of the date hereof.

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first appearing above.

BORROWER(S):

_____   3-7-08
Jimmy Darren Brock                            Date

LENDER:

HOME BUILDERS FINANCE, INC. D.B.A.
OWNER BUILDER LOAN SERVICES
a Michigan Corporation

BY _____
        Diane E. Gallup
        Its Vice President

Loan Number: 1186-1174

Date: March 7, 2008
Loan Number: 1186-1174

Page 1

## EXTENSION DISCLOSURE STATEMENT

LENDER:
Home Builders Finance. Inc.
DBA Owner Loan Services
2035 Hogback Road
Ann Arbor, MI 48105

BORROWER(S):
Jimmy Darren Brock
5348 St Rt 123 #H
Franklin, OH 45005

In this disclosure statement, "Lender" refers to Home Builders Finance, Inc. DBA Owner Loan Services, a Michigan Corporation and its successors and assigns. The words "Borrower(s)," "you," and "your" refer to the party or parties listed above as Borrower(s).

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid when you have made all payments as scheduled. |
| 19.32% (e) | $2,384.95 (e) | $ 99,841.00 | $102,225.54 (e) |

ITEMIZATION OF AMOUNT FINANCED:   An itemization of the amount financed is attached as Exhibit A to this disclosure.

PAYMENT SCHEDULE: One payment of principal of $100,839.00 on June 7, 2008 (e). The due date of your principal payment is based on an estimate of when you will make your first draw. The principal amount is due (3) Three months from and after the date of your first draw. Interest on the amount of credit outstanding is payable monthly on the last business day of each month.

INSURANCE: You may obtain the insurance required by your loan documents from anyone who is acceptable to Lender.

SECURITY: You are giving a security interest in real estate and improvements located at:
     5348 St Rt 123, Franklin
     Warren County, State of Ohio

LATE CHARGES: If any scheduled payment is not made within 5 days of the due date of that payment, You agree to pay a late fee equal to $15.00 or 5 percent of the amount of the scheduled payment, whichever is greater.

PREPAYMENT: If you pay off early you will not have to pay a penalty and a portion of the finance charge may be refundable.  See your loan documents for additional information regarding a refund of a portion of the finance charge and the limited circumstances under which a refund may be made.

ASSUMPTION: The Mortgage is not assumable.

ANNUAL PERCENTAGE RATE: This is not the Note rate for which the borrower applied.  The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge.  Other charges which are used in calculation of the Annual Percentage Rate are: Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs).  The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note.  If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

VARIABLE RATE FEATURE:  This loan has a variable rate feature.  The annual percentage rate may increase during the term of this transaction if the Lender's prime interest rate increases.  Changes in Lender's prime interest rate are at the discretion of Lender.  Any increase will take the form of higher interest payment amounts.

See your contract documents for any additional information about nonpayment, default, and required payment in full before the scheduled date, and prepayment refunds and penalties.

(e) mean an estimate

Date: March 7, 2008                                                    Page 2
Loan Number: 1186-1174

You acknowledge receipt of a completely filled-in copy of this disclosure statement prior to executing any loan documents.

_____          Date
Jimmy Darren Brock

Date: March 7, 2008                                                                    Page 3
Loan Number: 1186-1174

**EXHIBIT A**
**ITEMIZATION OF AMOUNT FINANCED**

| | |
|---|---|
| Amount Financed: | $ 99,841.00 |
| Amount to be given to you directly: | $ 100,839.00(e) |
| Amount to be paid on your account: | $0.00(e) |
| Amount to be paid to others on your behalf: | $0.00(e) |
| Amount of finance charge prepaid to Lender: | $ 998.41 |

(e) mean an estimate

Please Initial:

# AMENDMENT TO PROMISSORY NOTE

THIS AMENDMENT TO PROMISSORY NOTE (the "Amendment") dated as of the 7th day of June, 2008, by and between Jimmy Darren Brock, a Married Man, of 5348 St Rt 123, #H, Franklin, OH 45005 ("Borrower(s)"), and Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation with offices at 2035 Hogback Road, Ann Arbor, Michigan  48105 ("Lenders").

## WITNESSETH:

WHEREAS, Borrower(s) obtained from Lender a Loan in accordance with the terms and provisions of a certain Construction Loan Agreement dated March 7, 2007 between Borrower(s) and Lender (the "Loan Agreement"); and

WHEREAS, Borrower(s) are indebted to Lender for money loaned and advanced by Lender to Borrower(s) in accordance with the terms and provisions of the Loan Agreement, which indebtedness (i) is evidenced by a promissory note having an initial stated principal amount of $58,000.00 and dated March 7, 2007 (the "Original Note"), and (ii) is secured by a certain Mortgage, dated March 7, 2007, encumbering the real property more particularly described on the attached Exhibit A, and recorded in Document No. 200702044, Book 4417, Page 534, on March 15, 2007 of the records of Warren County, Ohio (the "Original Mortgage"); and

WHEREAS, Borrower(s) have applied to Lender, and Lender has agreed, to extend the maturity of the Loan and/or to increase the stated principal amount of the Loan and

WHEREAS, in connection with such extension, Borrower(s) and Lender have executed, among other instruments, an amendment to the Original Mortgage (such amendment and all prior amendments to the Original Mortgage, being the "Amendment to Mortgage" and the Original Mortgage and the Amendment to Mortgage being the "Mortgage") and this instrument (this instrument and all prior amendments to the Original Note being the "Note Amendment," and the Original Note and the Note Amendment being the "Note").

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower(s) and Lender agree as follows:

1.   All capitalized terms not otherwise defined herein are defined herein as in the Loan Agreement.

2.   The first three paragraphs of the Note are amended and restated in their entirety so as to read and provide as follows:

"FOR VALUE RECEIVED, the undersigned promises to pay to the order of HOME BUILDERS FINANCE, INC. D.B.A. OWNER BUILDER LOAN SERVICES, a Michigan Corporation, at its office at 2035 Hogback Road, Ann Arbor, Michigan  48105 ("Lender") or at such other place as the holder of this Note may designate in writing, the principal sum of One Hundred Two Thousand Seven Hundred Ninety-Eight And Xx / 100 Dollars ($102,798.00) or so much thereof as may be advanced or readvanced to the undersigned, plus interest thereon 18 months from the day monies were first advanced under the terms of the original promissory note from the undersigned to Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, dated March 7, 2007 (the "First Advance"), in lawful money of the United States of America with interest hereon at the rate of Ten and Zero Hundredths Percent (10.00%) per annum.

Interest shall accrue on all amounts advanced from the date of each advance until said amounts are repaid in accordance with the terms of this Note. Interest shall be payable on the last business day of each month. In the case of the First Advance, interest on the First Advance shall be payable on the last business day of the month in which the First Advance is made if the First Advance is made prior to the 15th day of the month. If the First Advance is made on or subsequent to the 15th day of the month, interest on the First Advance shall be payable on the last business day of the month following the month in which the First Advance is made. If any monthly installment of interest, or any part thereof, remains unpaid after the due date, the unpaid amount shall accrue interest at a rate of ten (10%) percent per annum until said amount is repaid, or until maturity of this Note, whichever occurs first. Notwithstanding anything to the contrary contained herein, at no time shall the interest or late charges payable be greater than the maximum permitted by law.

As to this Note and the Mortgage and any other instrument securing the indebtedness, the undersigned and any endorsers severally and expressly agree that the maturity of this Note, or any payment hereunder, may be extended from time to time by the holder without in any way affecting the liability of the undersigned or said endorsers."

3.   The Note is to be construed according to the laws of Michigan. If more than one person signs this instrument as Borrower(s), then all obligations of the Borrower(s) under the Note are joint and several.

4.   The Loan shall be evidenced by the Note and the other Loan Documents and secured by all existing collateral and other security under the Mortgage and the other Loan Documents. Except as expressly amended and modified by the Amendment to Mortgage and the Note Amendment, the Loan Documents (including, without limitation, the Loan Agreement, the Note and the Mortgage), and all of the representations, warranties, covenants, agreements, indemnifications and other terms and provisions thereof, are hereby ratified, confirmed and reaffirmed in all respects, and are hereby remade as of the date hereof.

Loan Number: 1186-1174

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first appearing above.

BORROWER(S):                                LENDER:

_____              HOME BUILDERS FINANCE, INC. D.B.A.
Jimmy Darren Brock              Date        OWNER BUILDER LOAN SERVICES
                                            a Michigan Corporation

                                            BY _____
                                               Diane E. Gallup
                                               Its Vice President

EXHIBIT A

DESCRIPTION OF REAL ESTATE

Mortgagor:         Jimmy Darren Brock and Lydia Brock
Tax Code No.:

SITUATED IN FRANKLIN TOWNSHIP, WARREN COUNTY, OHIO, BEING A PART OF SECTION 23, TOWN
3, RANGE 4, AND BEING LOT NUMBER 1, AS THE SAME IS KNOWN AND DESIGNATED ON THE
RECORDED PLAT OF BROCK'S ESTATE, AS RECORDED IN PLAT BOOK NO. 70, PAGE NO. 9 OF THE
PLAT RECORDS OF WARREN COUNTY, OHIO.

PARCEL NO. 08-23-310-004

COMMONLY KNOWN AS 5348 STATE ROUTE 123, FRANKLIN, OHIO 45005

Date: June 7, 2008                                                                Page 1
Loan Number: 1186-1174

## EXTENSION DISCLOSURE STATEMENT

LENDER:                                          BORROWER(S):
Home Builders Finance, Inc.                      Jimmy Darren Brock
DBA Owner Loan Services                          5348 St Rt 123 #H
2035 Hogback Road                                Franklin, OH 45005
Ann Arbor, MI 48105

In this disclosure statement, "Lender" refers to Home Builders Finance, Inc. DBA Owner Loan Services, a Michigan Corporation and its successors and assigns. The words "Borrower(s)," "you," and "your" refer to the party or parties listed above as Borrower(s).

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid when you have made all payments as scheduled. |
| 18.24% (e) | $2,302.78 (e) | $ 101,780.00 | $104,082.98 (e) |

ITEMIZATION OF AMOUNT FINANCED:   An itemization of the amount financed is attached as Exhibit A to this disclosure.

PAYMENT SCHEDULE: One payment of principal of $102,798.00 on September 7, 2008 (e). The due date of your principal payment is based on an estimate of when you will make your first draw. The principal amount is due (3) Three months from and after the date of your first draw. Interest on the amount of credit outstanding is payable monthly on the last business day of each month.

INSURANCE:  You may obtain the insurance required by your loan documents from anyone who is acceptable to Lender.

SECURITY:  You are giving a security interest in real estate and improvements located at:
        5348 St Rt 123, Franklin
        Warren County, State of Ohio

LATE CHARGES:  If any scheduled payment is not made within 5 days of the due date of that payment, You agree to pay a late fee equal to $15.00 or 5 percent of the amount of the scheduled payment, whichever is greater.

PREPAYMENT:  If you pay off early you will not have to pay a penalty and a portion of the finance charge may be refundable.  See your loan documents for additional information regarding a refund of a portion of the finance charge and the limited circumstances under which a refund may be made.

ASSUMPTION: The Mortgage is not assumable.

ANNUAL PERCENTAGE RATE:  This is not the Note rate for which the borrower applied.  The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge.  Other charges which are used in calculation of the Annual Percentage Rate are: Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs).  The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note.  If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

VARIABLE RATE FEATURE:  This loan has a variable rate feature.  The annual percentage rate may increase during the term of this transaction if the Lender's prime interest rate increases.  Changes in Lender's prime interest rate are at the discretion of Lender.  Any increase will take the form of higher interest payment amounts.

See your contract documents for any additional information about nonpayment, default, and required payment in full before the scheduled date, and prepayment refunds and penalties.


(e) mean an estimate.

Date: June 7, 2008
Loan Number: 1186-1174

Page 2

You acknowledge receipt of a completely filled-in copy of this disclosure statement prior to executing any loan documents.

_____        _____
Jimmy Darren Brock                      Date

Date: June 7, 2008
Loan Number: 1186-1174                                                                Page 3

**EXHIBIT A**
**ITEMIZATION OF AMOUNT FINANCED**

| | |
|---|---|
| Amount Financed: | $ 101,780.00 |
| Amount to be given to you directly: | $ 102,798.00(e) |
| Amount to be paid on your account: | $0.00(e) |
| Amount to be paid to others on your behalf: | $0.00(e) |
| Amount of finance charge prepaid to Lender: | $ 1,017.80 |

(e) mean an estimate.

Please Initial:   _JB_

## AMENDMENT TO PROMISSORY NOTE

THIS AMENDMENT TO PROMISSORY NOTE (the "Amendment") dated as of the 7th day of September, 2008, by and between Jimmy Darren Brock, a Married Man, of 5348 St Rt 123, #H, Franklin, OH 45005 ("Borrower(s)"), and Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation with offices at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lender").

### WITNESSETH:

WHEREAS, Borrower(s) obtained from Lender a Loan in accordance with the terms and provisions of a certain Construction Loan Agreement dated March 7, 2007 between Borrower(s) and Lender (the "Loan Agreement"); and

WHEREAS, Borrower(s) are indebted to Lender for money loaned and advanced by Lender to Borrower(s) in accordance with the terms and provisions of the Loan Agreement, which indebtedness (i) is evidenced by a promissory note having an initial stated principal amount of $58,000.00 and dated March 7, 2007 (the "Original Note"), and (ii) is secured by a certain Mortgage, dated March 7, 2007, encumbering the real property more particularly described on the attached Exhibit A, and recorded in Document No. 200702044, Book 4417, Page 534, on March 15, 2007 of the records of Warren County, Ohio (the "Original Mortgage"); and

WHEREAS, Borrower(s) have applied to Lender, and Lender has agreed, to extend the maturity of the Loan and/or to increase the stated principal amount of the Loan and

WHEREAS, in connection with such extension, Borrower(s) and Lender have executed, among other instruments, an amendment to the Original Mortgage (such amendment and all prior amendments to the Original Mortgage, being the "Amendment to Mortgage" and the Original Mortgage and the Amendment to Mortgage being the "Mortgage") and this instrument (this instrument and all prior amendments to the Original Note being the "Note Amendment," and the Original Note and the Note Amendment being the "Note").

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower(s) and Lender agree as follows:

1.  All capitalized terms not otherwise defined herein are defined herein as in the Loan Agreement.

2.  The first three paragraphs of the Note are amended and restated in their entirety so as to read and provide as follows:

"FOR VALUE RECEIVED, the undersigned promises to pay to the order of HOME BUILDERS FINANCE, INC. D.B.A. OWNER BUILDER LOAN SERVICES, a Michigan Corporation, at its office at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lender") or at such other place as the holder of this Note may designate in writing, the principal sum of One Hundred Three Thousand Eight Hundred Twenty-Six And Xx / 100 Dollars ($103,826.00) or so much thereof as may be advanced or readvanced to the undersigned, plus interest thereon 21 months from the day monies were first advanced under the terms of the original promissory note from the undersigned to Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, dated March 7, 2007 (the "First Advance"), in lawful money of the United States of America with interest hereon at the rate of Ten and Zero Hundredths Percent (10.00%) per annum.

Interest shall accrue on all amounts advanced from the date of each advance until said amounts are repaid in accordance with the terms of this Note. Interest shall be payable on the last business day of each month. In the case of the First Advance, interest on the First Advance shall be payable on the last business day of the month in which the First Advance is made if the First Advance is made prior to the 15th day of the month. If the First Advance is made on or subsequent to the 15th day of the month, interest on the First Advance shall be payable on the last business day of the month following the month in which the First Advance is made. If any monthly installment of interest, or any part thereof, remains unpaid after the due date, the unpaid amount shall accrue interest at a rate of ten (10%) percent per annum until said amount is repaid, or until maturity of this Note, whichever occurs first. Notwithstanding anything to the contrary contained herein, at no time shall the interest or late charges payable be greater than the maximum permitted by law.

As to this Note and the Mortgage and any other instrument securing the indebtedness, the undersigned and any endorsers severally and expressly agree that the maturity of this Note, or any payment hereunder, may be extended from time to time by the holder without in any way affecting the liability of the undersigned or said endorsers."

3.  The Note is to be construed according to the laws of Michigan. If more than one person signs this instrument as Borrower(s), then all obligations of the Borrower(s) under the Note are joint and several.

4.  The Loan shall be evidenced by the Note and the other Loan Documents and secured by all existing collateral and other security under the Mortgage and the other Loan Documents. Except as expressly amended and modified by the Amendment to Mortgage and the Note Amendment, the Loan Documents (including, without limitation, the Loan Agreement, the Note and the Mortgage), and all of the representations, warranties, covenants, agreements, indemnifications and other terms and provisions thereof, are hereby ratified, confirmed and reaffirmed in all respects, and are hereby remade as of the date hereof.

Loan Number: 1186-1174

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first appearing above.

BORROWER(S):

_____     _____
Jimmy Darren Brock                          Date

LENDER:

HOME BUILDERS FINANCE, INC. D.B.A.
OWNER BUILDER LOAN SERVICES
a Michigan Corporation

BY _____
        Diane E. Galtup
        Its Vice President

Loan Number: 1186-1174

Date: September 7, 2006
Loan Number: 1186-1174

Page 1

## EXTENSION DISCLOSURE STATEMENT

LENDER:
Home Builders Finance, Inc.
DBA Owner Loan Services
2035 Hogback Road
Ann Arbor, MI 48105

BORROWER(S):
Jimmy Darren Brock
5348 St Rt 123 #H
Franklin, OH 45005

In this disclosure statement, "Lender" refers to Home Builders Finance, Inc. DBA Owner Loan Services, a Michigan Corporation and its successors and assigns. The words "Borrower(s)," "you," and "your" refer to the party or parties listed above as Borrower(s).

| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid when you have made all payments as scheduled. |
|---|---|---|---|
| 18.24% (e) | $2,325.81 (e) | $ 102,798.00 | $105,123.83 (e) |

ITEMIZATION OF AMOUNT FINANCED:   An itemization of the amount financed is attached as Exhibit A to this disclosure.

PAYMENT SCHEDULE: One payment of principal of $103,828.00 on December 7, 2006 (e). The due date of your principal payment is based on an estimate of when you will make your first draw. The principal amount is due (3) Three months from and after the date of the current extension. Interest on the amount of credit outstanding is payable monthly on the last business day of each month.

INSURANCE:  You may obtain the insurance required by your loan documents from anyone who is acceptable to Lender.

SECURITY:  You are giving a security interest in real estate and improvements located at:
        5348 St Rt 123, Franklin
        Warren County, State of Ohio

LATE CHARGES:  If any scheduled payment is not made within 5 days of the due date of that payment, You agree to pay a late fee equal to $15.00 or 5 percent of the amount of the scheduled payment, whichever is greater.

PREPAYMENT:  If you pay off early you will not have to pay a penalty and a portion of the finance charge may be refundable.  See your loan documents for additional information regarding a refund of a portion of the finance charge and the limited circumstances under which a refund may be made.

ASSUMPTION: The Mortgage is not assumable.

ANNUAL PERCENTAGE RATE:  This is not the Note rate for which the borrower applied.  The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge.  Other charges which are used in calculation of the Annual Percentage Rate are: Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs).  The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note.  If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

VARIABLE RATE FEATURE:  This loan has a variable rate feature.  The annual percentage rate may increase during the term of this transaction if the Lender's prime interest rate increases.  Changes in Lender's prime interest rate are at the discretion of Lender.  Any increase will take the form of higher interest payment amounts.

See your contract documents for any additional information about nonpayment, default, and required payment in full before the scheduled date, and prepayment refunds and penalties.

(e) mean an estimate.

Date: September 7, 2008                                                    Page 2
Loan Number: 1188-1174

You acknowledge receipt of a completely filled-in copy of this disclosure statement prior to executing any loan
documents.

_____          9-10
Jimmy Darren Brock                          Date

Date: September 7, 2008
Loan Number: 1186-1174

Page 3

## EXHIBIT A
## ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Amount Financed: | $ 102,798.00 |
| Amount to be given to you directly: | $ 103,826.00(e) |
| Amount to be paid on your account: | $0.00(e) |
| Amount to be paid to others on your behalf: | $0.00(e) |
| Amount of finance charge prepaid to Lender: | $ 1,027.98 |

(e) mean an estimate.

Please Initial: _TF?_

EXHIBIT A

DESCRIPTION OF REAL ESTATE

Mortgagor:              Jimmy Darren Brock and Lydia Brock
Tax Code No.:

SITUATED IN FRANKLIN TOWNSHIP, WARREN COUNTY, OHIO, BEING A PART OF SECTION 23, TOWN 3, RANGE 4, AND BEING LOT NUMBER 1, AS THE SAME IS KNOWN AND DESIGNATED ON THE RECORDED PLAT OF BROCK'S ESTATE, AS RECORDED IN PLAT BOOK NO. 70, PAGE NO. 9 OF THE PLAT RECORDS OF WARREN COUNTY, OHIO.

PARCEL NO. 08-23-310-004

COMMONLY KNOWN AS 5348 STATE ROUTE 123, FRANKLIN, OHIO 45005

## AMENDMENT TO PROMISSORY NOTE

THIS AMENDMENT TO PROMISSORY NOTE (the "Amendment") dated as of the 7th day of December, 2008, by and between Jimmy Darren Brock, a Married Man, of 6348 St Rt 123, #H, Franklin, OH 45005 ("Borrower(s)"), and Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation with offices at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lenders").

### WITNESSETH:

WHEREAS, Borrower(s) obtained from Lender a Loan in accordance with the terms and provisions of a certain Construction Loan Agreement dated March 7, 2007 between Borrower(s) and Lender (the "Loan Agreement"); and

WHEREAS, Borrower(s) are indebted to Lender for money loaned and advanced by Lender to Borrower(s) in accordance with the terms and provisions of the Loan Agreement, which indebtedness (i) is evidenced by a promissory note having an initial stated principal amount of $58,000.00 and dated March 7, 2007 (the "Original Note"), and (ii) is secured by a certain Mortgage, dated March 7, 2007, encumbering the real property more particularly described on the attached Exhibit A, and recorded in Document No. 200702044, Book 4417, Page 534, on March 15, 2007 of the records of Warren County, Ohio (the "Original Mortgage"); and

WHEREAS, Borrower(s) have applied to Lender, and Lender has agreed, to extend the maturity of the Loan and/or to increase the stated principal amount of the Loan and

WHEREAS, in connection with such extension, Borrower(s) and Lender have executed, among other instruments, an amendment to the Original Mortgage (such amendment and all prior amendments to the Original Mortgage, being the "Amendment to Mortgage" and the Original Mortgage and the Amendment to Mortgage being the "Mortgage") and this instrument (this instrument and all prior amendments to the Original Note being the "Note Amendment," and the Original Note and the Note Amendment being the "Note").

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower(s) and Lender agree as follows:

1. All capitalized terms not otherwise defined herein are defined herein as in the Loan Agreement.

2. The first three paragraphs of the Note are amended and restated in their entirety so as to read and provide as follows:

"FOR VALUE RECEIVED, the undersigned promises to pay to the order of HOME BUILDERS FINANCE, INC. D.B.A. OWNER BUILDER LOAN SERVICES, a Michigan Corporation, at its office at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lender") or at such other place as the holder of this Note may designate in writing, the principal sum of One Hundred Five Thousand Eight Hundred Thirty-Four and Xx / 100 Dollars ($105,834.00) or so much thereof as may be advanced or readvanced to the undersigned, plus interest thereon 24 months from the day monies were first advanced under the terms of the original promissory note from the undersigned to Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, dated March 7, 2007 (the "First Advance"), in lawful money of the United States of America with interest hereon at the rate Prime Plus 5.00 Percent (Prime +5.00 ) per annum.

Interest shall accrue on all amounts advanced from the date of each advance until said amounts are repaid in accordance with the terms of this Note. Interest shall be payable on the last business day of each month. In the case of the First Advance, interest on the First Advance shall be payable on the last business day of the month in which the First Advance is made if the First Advance is made prior to the 15th day of the month. If the First Advance is made on or subsequent to the 15th day of the month, interest on the First Advance shall be payable on the last business day of the month following the month in which the First Advance is made. If any monthly installment of interest, or any part thereof, remains unpaid after the due date, the unpaid amount shall accrue interest at a rate of ten (10%) percent per annum until said amount is repaid, or until maturity of this Note, whichever occurs first. Notwithstanding anything to the contrary contained herein, at no time shall the interest or late charges payable be greater than the maximum permitted by law.

As to this Note and the Mortgage and any other instrument securing the indebtedness, the undersigned and any endorsers severally and expressly agree that the maturity of this Note, or any payment hereunder, may be extended from time to time by the holder without in any way affecting the liability of the undersigned or said endorsers."

3. The Note is to be construed according to the laws of Michigan. If more than one person signs this instrument as Borrower(s), then all obligations of the Borrower(s) under the Note are joint and several.

4. The Loan shall be evidenced by the Note and the other Loan Documents and secured by all existing collateral and other security under the Mortgage and the other Loan Documents. Except as expressly amended and modified by the Amendment to Mortgage and the Note Amendment, the Loan Documents (including, without limitation, the Loan Agreement, the Note and the Mortgage), and all of the representations, warranties, covenants, agreements, indemnifications and other terms and provisions thereof, are hereby ratified, confirmed and reaffirmed in all respects.

Loan Number: 1186-1174

and are hereby remade as of the date hereof.

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first appearing above.

BORROWER(S):

_____    3-2-09
Jimmy Darren Brock                        Date

LENDER:

HOME BUILDERS FINANCE, INC. D.B.A.
OWNER BUILDER LOAN SERVICES
a Michigan Corporation

BY _____
        Diane E. Gallup
        Its Vice President

Loan Number: 1186-1174

Date: December 7, 2008                                                      Page 1
Loan Number: 1196-1174

## EXTENSION DISCLOSURE STATEMENT

**LENDER:**
Home Builders Finance, Inc.
DBA Owner Loan Services
2035 Hogback Road
Ann Arbor, MI 48105

**BORROWER(S):**
Jimmy Darren Brock
5348 St Rt 123 #H
Franklin, OH 45005

In this disclosure statement, "Lender" refers to Home Builders Finance, Inc. DBA Owner Loan Services, a Michigan Corporation and its successors and assigns. The words "Borrower(s)," "you," and "your" refer to the party or parties listed above as Borrower(s).

| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid when you have made all payments as scheduled. |
|---|---|---|---|
| 17.28% (e) | $2,238.49 (e) | $ 104,786.00 | $107,024.63 (e) |

**ITEMIZATION OF AMOUNT FINANCED:** An itemization of the amount financed is attached as Exhibit A to this disclosure.

**PAYMENT SCHEDULE:** One payment of principal of $105,834.00 on March 7, 2009 (e). The due date of your principal payment is based on an estimate of when you will make your first draw. The principal amount is due (3) Three months from and after the date of the current extension. Interest on the amount of credit outstanding is payable monthly on the last business day of each month.

**INSURANCE:** You may obtain the insurance required by your loan documents from anyone who is acceptable to Lender.

**SECURITY:** You are giving a security interest in real estate and improvements located at:
5348 St Rt 123, Franklin
Warren County, State of Ohio

**LATE CHARGES:** If any scheduled payment is not made within 5 days of the due date of that payment, You agree to pay a late fee equal to $15.00 or 5 percent of the amount of the scheduled payment, whichever is greater.

**PREPAYMENT:** If you pay off early you will not have to pay a penalty and a portion of the finance charge may be refundable. See your loan documents for additional information regarding a refund of a portion of the finance charge and the limited circumstances under which a refund may be made.

**ASSUMPTION:** The Mortgage is not assumable.

**ANNUAL PERCENTAGE RATE:** This is not the Note rate for which the borrower applied. The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge. Other charges which are used in calculation of the Annual Percentage Rate are: Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs). The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note. If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

**VARIABLE RATE FEATURE:** This loan has a variable rate feature. The annual percentage rate may increase during the term of this transaction if the Lender's prime interest rate increases. Changes in Lender's prime interest rate are at the discretion of Lender. Any increase will take the form of higher interest payment amounts.

See your contract documents for any additional information about nonpayment, default, and required payment in full before the scheduled date, and prepayment refunds and penalties.

(e) mean an estimate.

Date: December 7, 2008                                                      Page 2
Loan Number: 1186-1174

You acknowledge receipt of a completely filled-in copy of this disclosure statement prior to executing any loan
documents.

_____          3-2-01
Jimmy Darren Brock                        Date

Date: December 7, 2008
Loan Number: 1186-1174

Page 3

**EXHIBIT A**
**ITEMIZATION OF AMOUNT FINANCED**

| | |
|---|---|
| Amount Financed: | $ 104,786.00 |
| Amount to be given to you directly: | $ 105,834.00(e) |
| Amount to be paid on your account: | $0.00(e) |
| Amount to be paid to others on your behalf: | $0.00(e) |
| Amount of finance charge prepaid to Lender: | $ 1,047.86 |

(e) mean an estimate.

Please Initial:  _JB_____

EXHIBIT A

DESCRIPTION OF REAL ESTATE

Mortgagor:                Jimmy Darren Brock and Lydia Brock
Tax Code No.:

SITUATED IN FRANKLIN TOWNSHIP, WARREN COUNTY, OHIO, BEING A PART OF SECTION 23, TOWN
3, RANGE 4, AND BEING LOT NUMBER 1, AS THE SAME IS KNOWN AND DESIGNATED ON THE
RECORDED PLAT OF BROCK'S ESTATE, AS RECORDED IN PLAT BOOK NO. 70, PAGE NO. 9 OF THE
PLAT RECORDS OF WARREN COUNTY, OHIO.

PARCEL NO. 08-23-310-004

COMMONLY KNOWN AS 5348 STATE ROUTE 123, FRANKLIN, OHIO 45005

## AMENDMENT TO PROMISSORY NOTE

THIS AMENDMENT TO PROMISSORY NOTE (the "Amendment") dated as of the 7th day of March, 2008, by and between Jimmy Darren Brock, a Married Man, of 5346 St Rt 123, #H, Franklin, OH 45005 ("Borrower(s)"), and Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation with offices at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lenders").

### WITNESSETH:

WHEREAS, Borrower(s) obtained from Lender a Loan in accordance with the terms and provisions of a certain Construction Loan Agreement dated March 7, 2007 between Borrower(s) and Lender (the "Loan Agreement"); and

WHEREAS, Borrower(s) are indebted to Lender for money loaned and advanced by Lender to Borrower(s) in accordance with the terms and provisions of the Loan Agreement, which indebtedness (i) is evidenced by a promissory note having an initial stated principal amount of $58,000.00 and dated March 7, 2007 (the "Original Note"), and (ii) is secured by a certain Mortgage, dated March 7, 2007, encumbering the real property more particularly described on the attached Exhibit A, and recorded in Document No. 200702044, Book 4417, Page 534, on March 15, 2007 of the records of Warren County, Ohio (the "Original Mortgage"); and

WHEREAS, Borrower(s) have applied to Lender, and Lender has agreed, to extend the maturity of the Loan and/or to increase the stated principal amount of the Loan and

WHEREAS, in connection with such extension, Borrower(s) and Lender have executed, among other instruments, an amendment to the Original Mortgage (such amendment and all prior amendments to the Original Mortgage, being the "Amendment to Mortgage" and the Original Mortgage and the Amendment to Mortgage being the "Mortgage") and this instrument (this instrument and all prior amendments to the Original Note being the "Note Amendment," and the Original Note and the Note Amendment being the "Note").

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower(s) and Lender agree as follows:

1. All capitalized terms not otherwise defined herein are defined herein as in the Loan Agreement.

2. The first three paragraphs of the Note are amended and restated in their entirety so as to read and provide as follows:

"FOR VALUE RECEIVED, the undersigned promises to pay to the order of HOME BUILDERS FINANCE, INC. D.B.A. OWNER BUILDER LOAN SERVICES, a Michigan Corporation, at its office at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Lender") or at such other place as the holder of this Note may designate in writing, the principal sum of One Hundred Eight Thousand One Hundred Two And Xx / 100 Dollars ($108,102.00) or so much thereof as may be advanced or readvanced to the undersigned, plus interest thereon 24 months from the day monies were first advanced under the terms of the original promissory note from the undersigned to Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, dated March 7, 2007 (the "First Advance"), in lawful money of the United States of America with interest hereon at the rate Prime Plus 5.00 Percent (Prime +5.00 ) per annum.

Interest shall accrue on all amounts advanced from the date of each advance until said amounts are repaid in accordance with the terms of this Note. Interest shall be payable on the last business day of each month. In the case of the First Advance, interest on the First Advance shall be payable on the last business day of the month in which the First Advance is made if the First Advance is made prior to the 15th day of the month. If the First Advance is made on or subsequent to the 15th day of the month, interest on the First Advance shall be payable on the last business day of the month following the month in which the First Advance is made. If any monthly installment of interest, or any part thereof, remains unpaid after the due date, the unpaid amount shall accrue interest at a rate of ten (10%) percent per annum until said amount is repaid, or until maturity of this Note, whichever occurs first. Notwithstanding anything to the contrary contained herein, at no time shall the interest or late charges payable be greater than the maximum permitted by law.

As to this Note and the Mortgage and any other instrument securing the indebtedness, the undersigned and any endorsers severally and expressly agree that the maturity of this Note, or any payment hereunder, may be extended from time to time by the holder without in any way affecting the liability of the undersigned or said endorsers."

3. The Note is to be construed according to the laws of Michigan. If more than one person signs this instrument as Borrower(s), then all obligations of the Borrower(s) under the Note are joint and several.

4. The Loan shall be evidenced by the Note and the other Loan Documents and secured by all existing collateral and other security under the Mortgage and the other Loan Documents. Except as expressly amended and modified by the Amendment to Mortgage and the Note Amendment, the Loan Documents (including, without limitation, the Loan Agreement, the Note and the Mortgage), and all of the representations, warranties, covenants, agreements, indemnifications and other terms and provisions thereof, are hereby ratified, confirmed and reaffirmed in all respects,

and are hereby remade as of the date hereof.

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first appearing above.

BORROWER(S):

_____     _____
Jimmy Darren Brock                          Date

LENDER:

HOME BUILDERS FINANCE, INC. D.B.A.
OWNER BUILDER LOAN SERVICES
a Michigan Corporation

BY _____
        Diane E. Gallup
        Its Vice President

Loan Number: 1186-1174

EXHIBIT A

DESCRIPTION OF REAL ESTATE

Mortgagor:                Jimmy Darren Brock and Lydia Brock
Tax Code No.:

SITUATED IN FRANKLIN TOWNSHIP, WARREN COUNTY, OHIO, BEING A PART OF SECTION 23, TOWN
3, RANGE 4, AND BEING LOT NUMBER 1, AS THE SAME IS KNOWN AND DESIGNATED ON THE
RECORDED PLAT OF BROCK'S ESTATE, AS RECORDED IN PLAT BOOK NO. 70, PAGE NO. 9 OF THE
PLAT RECORDS OF WARREN COUNTY, OHIO.

PARCEL NO. 08-23-310-004

COMMONLY KNOWN AS 5348 STATE ROUTE 123, FRANKLIN, OHIO 45005

Date: March 7, 2008
Loan Number: 1186-1174

## EXTENSION DISCLOSURE STATEMENT

LENDER:
Home Builders Finance, Inc.
DBA Owner Loan Services
2035 Hogback Road
Ann Arbor, MI 48105

BORROWER(S):
Jimmy Darren Brock
5348 St Rt 123 #H
Franklin, OH 45005

In this disclosure statement, "Lender" refers to Home Builders Finance, Inc. DBA Owner Loan Services, a Michigan Corporation and its successors and assigns. The words "Borrower(s)," "you," and "your" refer to the party or parties listed above as Borrower(s).

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid when you have made all payments as scheduled. |
| 16.44% (e) | $2,185.12 (e) | $ 107,032. [ ] | $109,216.80 (e) |

ITEMIZATION OF AMOUNT FINANCED:   An itemization of the amount financed is attached as Exhibit A to this disclosure.

PAYMENT SCHEDULE: One payment of principal of $108,102.00 on June 7, 2008 (e). The due date of your principal payment is based on an estimate of when you will make your first draw. The principal amount is due (3) Three months from and after the date of the current extension. Interest on the amount of credit outstanding is payable monthly on the last business day of each month.

INSURANCE:  You may obtain the insurance required by your loan documents from anyone who is acceptable to Lender.

SECURITY:  You are giving a security interest in real estate and improvements located at:
    5348 St Rt 123, Franklin
    Warren County, State of Ohio

LATE CHARGES:  If any scheduled payment is not made within 5 days of the due date of that payment, You agree to pay a late fee equal to $15.00 or 5 percent of the amount of the scheduled payment, whichever is greater.

PREPAYMENT:  If you pay off early you will not have to pay a penalty and a portion of the finance charge may be refundable.  See your loan documents for additional information regarding a refund of a portion of the finance charge and the limited circumstances under which a refund may be made.

ASSUMPTION: The Mortgage is not assumable.

ANNUAL PERCENTAGE RATE:  This is not the Note rate for which the borrower applied.  The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge.  Other charges which are used in calculation of the Annual Percentage Rate are: Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs).  The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note.  If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

VARIABLE RATE FEATURE:  This loan has a variable rate feature.  The annual percentage rate may increase during the term of this transaction if the Lender's prime interest rate increases.  Changes in Lender's prime interest rate are at the discretion of Lender.  Any increase will take the form of higher interest payment amounts.

See your contract documents for any additional information about nonpayment, default, and required payment in full before the scheduled date, and prepayment refunds and penalties.

(e) mean an estimate.

Date: March 7, 2008
Loan Number: 1186-1174

You acknowledge receipt of a completely filled-in copy of this disclosure statement prior to executing any loan documents.

_____      3-10-08
Jimmy Darren Brock                      Date

# Exhibit B

Please return after recording to
Republic Title Agency, Inc.
55 West Central Avenue
Springboro, Ohio 45066

Z 0 0 7 0 2 0 4 4

# OPEN-END MORTGAGE

husband and wife

Mortgagor(s), Jimmy Darren Brock and Lydia Brock, as Joint Tenants by the entirety of 2984 Austin Springs Blvd, #H, Miamisburg, OH 45342 for $58,000.00 paid, grant(s), with mortgage covenants, to Mortgagee Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan corporation and having offices at: 2035 Hogback Road, Ann Arbor, MI 48105, the following real property:

## SEE ATTACHED EXHIBIT A

This mortgage is given, upon the statutory condition, to secure the payment of Fifty-Eight Thousand Dollars and No Cents, with interest as provided in note of even date, with additional advances as hereinafter specified.

Optional Additional Advancements. Upon request of the Mortgagors or their successors in interest (as disclosed by the records of the Recorder of the County in which the mortgaged premises are situated), the Mortgagee may hereafter, at its option, at any time after the mortgage is delivered to the Recorder for record and before the release and cancellation of this mortgage, make further advances to the Mortgagors (or their successors in interest) to the extent that the total unpaid loan indebtedness, exclusive of interest thereon, does not exceed the maximum amount of $58,000.00 which may be outstanding at any time in accordance with RC 5301.232 and 5301.233 and related statutes; and any such further advances, with interest, shall be secured by this mortgage and shall be evidenced by Additional Advance Agreement or note then to be executed by the Mortgagors. Provided, however, that the amount of principal secured by this mortgage and remaining unpaid shall not at the time of and including any such advance exceed the original principal sum secured hereby. Provided, further, that nothing herein stipulated shall limit the amounts that shall be secured hereby when advanced to protect the security or in accordance with covenants contained in this mortgage.

The Mortgagors individually covenant with the Mortgagee to repay all such advances aforesaid, with interest, and to apply all other covenants and conditions of this mortgage to such future advances.

In addition to any other debt or obligation secured by this mortgage, the Mortgagors and their successors in interest hereby authorize the Mortgagee or subsequent holder of this mortgage to make advances for the payment of taxes, assessments, insurance premiums, or costs incurred to protect the mortgaged premises, or in order to pay for the costs of completing any construction, alteration, repair, improvement, enhancement, or embellishment of any part of the mortgaged premises the financing of which, in whole or in part, the mortgage was given to secure. And it is agreed that the mortgage shall secure the unpaid balances of such advances made after the mortgage is delivered to the County Recorder for record.

Statutory Condition. "Statutory condition" is defined in RC 5302.14 and provides generally that if the Mortgagors pay the principal and interest secured by this mortgage, perform the other obligations secured hereby and the conditions of any prior mortgage, pay all the taxes and assessments, maintain insurance against fire and other hazards, and do not commit or suffer waste, then this mortgage shall be void.

Construction Mortgage Covenants. Whereas, the promissory note and this mortgage were executed and delivered for the purpose of providing funds to improve the above described real estate, and to pay off prior encumbrances thereon, and such funds are to be actually used in such improvement, and in paying off such prior encumbrances, in the manner contemplated in RC 1311.02 and 1311.03.

Wherefore, it is hereby expressly covenanted between the Mortgagors and the Mortgagee that the Mortgagee is irrevocably authorized and empowered to do all things provided by the Mortgagee to be done in, by, and under RC 1311.14.

Transfer of the Property or Beneficial Interests in Borrowers-Mortgagors; Assumption. On sale or transfer of (i) all or any part of the property, or any interest therein, or (ii) beneficial interests in Borrowers (Mortgagors) (if Borrower(s) is not a natural person or persons but is a corporation, partnership, trust, or other legal entity), Lender (Mortgagee) may, at Lender's option, declare all of the sums secured by this instrument to be immediately due and payable, and Lender may invoke any remedies permitted by this instrument. This option shall not apply in case of:

(a) Transfer by devise or descent or by operation of law upon the death of a joint tenant or a partner;

(b) Sales or transfers when the transferee's credit-worthiness and management ability are satisfactory to Lender and the transferee has executed, prior to the sale or transfer, a written assumption agreement containing such terms as Lender may require, including, if required by Lender, an increase in rate of interest payable under the Note;

(c) The grant of a leasehold interest in part of the Property of three years or less (or such longer lease terms as Lender may permit by prior written approval) not containing

Please Initial: _JB_   _JB_

Loan Number: 1186-1174          Page 1          BOOK 4417 PAGE 534

an option to purchase (except any interest in the ground lease, if this instrument is on a leasehold);

(d) Sales or transfers of beneficial interest in Borrowers, provided that such sales or transfers, together with any prior sales or transactions of beneficial interests in Borrowers, but excluding sales or transfers under subparagraphs (a) and (b) above, do not result in more than forty-nine percent (49%) of the beneficial interests in Borrowers having been sold or transferred since commencement of amortization of the Note; and

(e) Sales or transfers of fixtures or any personal property made subject to the mortgage.

Released of Dower Jimmy Darren Brock and Lydia Brock, as Joint Tenants by the entirety, of the Mortgagors, release to the Mortgagee all rights of dower therein.

Witness _____hand(s) this March 7, 2007.

_____    3-07-07
Jimmy Darren Brock           Date

_____    3-07-07
Lydia Brock                  Date

WITNESSES TO ALL:

_____
Date

_____
Date

STATE OF OHIO          ) : ss.

COUNTY OF Montgomery   )

The foregoing instrument was acknowledged before me on: March 7, 2007, by: Jimmy Darren Brock and Lydia Brock, as Joint Tenants by the entirety, husband and wife

_____, Notary
Public Montgomery _____ County, Ohio
Acting in Montgomery _____ County, Ohio

My Commission Expires:_____

WITNESS my hand and official seal.

_____
Notary Public for Ohio
My Commission Expires:_____

GLEN SHELLY
Notary Public, State of Ohio
My Commission Expires
July 10, 2011

Instrument Drafted By and Return To:

Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services
2035 Hogback Road
Ann Arbor, MI  48105

Telephone:  (734) 677-3000

Please Initial:  _____   _____
Loan Number: 1186-1174          Page 2

BOOK 4417  PAGE 535

### Exhibit "A"

SITUATED IN FRANKLIN TOWNSHIP, WARREN COUNTY, OHIO, BEING A PART OF SECTION 23, TOWN 3, RANGE 4, AND BEING LOT NUMBER 1, AS THE SAME IS KNOWN AND DESIGNATED ON THE RECORDED PLAT OF BROCK'S ESTATE, AS RECORDED IN PLAT BOOK NO. 70, PAGE NO. 9 OF THE PLAT RECORDS OF WARREN COUNTY, OHIO.

PARCEL NO. 08-23-310-004

COMMONLY KNOWN AS 5348 STATE ROUTE 123, FRANKLIN, OHIO 45005

BETH DECKARD - WARREN COUNTY RECORDER
Doc #:    640030   Type: MIG
Filed: 3/15/2007 10:48:21 $    36.00
OR Volume:    4417 Page:    534 Return: M
Rec#:   4906              Pages:    3
REPUBLIC TITLE AGENCY INC

# BOOK 4417  PAGE 536

JB YB

(200702044.PFD/200702044/19)



## AMENDMENT TO MORTGAGE

THIS AMENDMENT TO MORTGAGE dated as of the 20th day of July, 2007, by and between Jimmy Darrin Brock and Lydia Brock, Husband & Wife, of 3346 St Rt 123, #H, Franklin, OH 45005 ("Mortgagors"), and Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation with offices at 2035 Hogback Road, Ann Arbor, Michigan 48105 ("Mortgagee").

THIS IS A FUTURE ADVANCE MORTGAGE. THE MAXIMUM PRINCIPAL AMOUNT EXCLUDING PROTECTIVE ADVANCES, THAT MAY BE SECURED BY THIS MORTGAGE IS $73,983.00.

### WITNESSETH:

WHEREAS, Mortgagors obtained from Mortgagee a Loan in accordance with the terms and provisions of a certain Construction Loan Agreement dated March 7, 2007 between Mortgagors and Mortgagee (the "Loan Agreement"); and

WHEREAS, Mortgagors are indebted to Mortgagee for money loaned and advanced by Mortgagee to Mortgagors in accordance with the terms and provisions of the Loan Agreement, which indebtedness (i) is evidenced by a promissory note having an initial stated principal amount of $58,000.00 and dated March 7, 2007, (the "Original Note"), and (ii) is secured by a certain Mortgage dated March 7, 2007, encumbering the real property more particularly described on the attached Exhibit A, and recorded in Document No. 200TI2044, Book 4417, Page 634, of the records of Warren County, Ohio (the "Original Mortgage"); and

WHEREAS, Mortgagors have applied to Mortgagee, and Mortgagee has agreed, to extend the maturity of the Loan and/or to increase the stated principal amount of the Loan; and

WHEREAS, in connection with such extension and/or increase, Mortgagee and Mortgagors have executed, among other instruments, an amendment to the Original Note (such amendment and any prior amendments to the Original Note being the "Note Amendment" and the Original Note and the Note Amendment being the "Note") and the instrument (this instrument and all prior amendments to the Original Mortgage being the "Mortgage Amendment," and the Original Mortgage and the Mortgage Amendment being the "Mortgage"); and

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Mortgagee and Mortgagee agree as follows:

1.  All capitalized terms not otherwise defined herein are defined herein in the Loan Agreement.

2.  The Loan shall be evidenced by the Note and the other Loan Documents and secured by all existing collateral and other security under the Note and the other Loan Documents. Except as expressly amended and modified by the Mortgage Amendment and the Note Amendment, the Loan Documents (including, without limitation, the Loan Agreement, the Note and the Mortgage), and all of the representations, warranties, covenants, agreements, indemnifications and other terms and provisions thereof, shall be, and hereby are, ratified, confirmed and reaffirmed in all respects, and are hereby remade as of the date hereof.

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first appearing above.

WITNESSES:                                    MORTGAGORS:

_____                    _____     5-26-09
                                            Jimmy Darrin Brock            Date

_____                    _____     5-26-09
                                            Lydia Brock                   Date

STATE OF OHIO           )
                        ) ss                **BOOK 4891  PAGE 72**
COUNTY OF WARREN        )

The foregoing instrument was acknowledged before me this 26 day of May _____ in the year 2009 by Jimmy Darrin Brock and Lydia Brock.

Loan Number: 1108-1174

JUL-06-2009 MON 03:28 PM BUTLER CO TAX MAP DEPT      FAX NO. 5138873633                P. 03

My Commission Expires_____

WITNESSES:

MORTGAGEE:

HOME BUILDERS FINANCE, INC. D.B.A.
OWNER BUILDER LOAN SERVICES
a Michigan Corporation

_____
Marci Ibbetson

By _____
Diane Gallup
Its Vice President

STATE OF MICHIGAN      )
                       )ss
COUNTY OF WASHTENAW    )

The foregoing instrument was acknowledged before me this 20th day of May, 2009, by Diane Gallup, a duly authorized officer of Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation, on behalf of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

_____
Elizabeth E. Atton
Notary Public
Lenawee County in Washtenaw
My commission expires: 01/19/2014

Document prepared by
& Return to:

Beth Atton
Owner Builder Loan Services
2035 Hogback Rd.
Ann Arbor, MI 48105

**BOOK 4891 PAGE 73**

Loan Number: 1186-1174

EXHIBIT A

DESCRIPTION OF REAL ESTATE

Mortgagor:
Tax Code No.:            Jimmy Darren Brock and Lydia Brock

SITUATED IN FRANKLIN TOWNSHIP, WARREN COUNTY, OHIO, BEING A PART OF SECTION 29, TOWN
3, RANGE 4, AND BEING LOT NUMBER 1, AS THE SAME IS KNOWN AND DESIGNATED ON THE
RECORDED PLAT OF BROCK'S ESTATE, AS RECORDED IN PLAT BOOK NO. 70, PAGE NO. 9 OF THE
PLAT RECORDS OF WARREN COUNTY, OHIO.

PARCEL NO. 08-29-310-004

COMMONLY KNOWN AS 6348 STATE ROUTE 123, FRANKLIN, OHIO 45005

**BOOK 4891   PAGE 74**

JUL-06-2009 MON 03:29 PM BUTLER CO TAX MAP DEPT    FAX NO. 5138873633    P. 05


*3/30 Owner*

### AMENDMENT TO MORTGAGE

THIS AMENDMENT TO MORTGAGE dated as of the 27th day of December, 2007, by and between Jimmy Darrin Brock and Lydia Brock, Husband & Wife, of 6346 St Rt 123, #H, Franklin, OH 45005 ("Mortgagors"), and Home Builders Finance, Inc. D.B.A. Owner Builder Loan Services, a Michigan Corporation with offices at 2033 Hogback Road, Ann Arbor, Michigan 48105 ("Mortgagee").

THIS IS A FUTURE ADVANCE MORTGAGE. THE MAXIMUM PRINCIPAL AMOUNT EXCLUDING PROTECTIVE ADVANCES, THAT MAY BE SECURED BY THIS MORTGAGE IS $96,841.00.

### WITNESSETH:

WHEREAS, Mortgagors obtained from Mortgagee a Loan in accordance with the terms and provisions of a certain Construction Loan Agreement dated March 7, 2007 between Mortgagors and Mortgagee (the "Loan Agreement"); and

WHEREAS, Mortgagors are indebted to Mortgagee for money loaned and advanced by Mortgagee to Mortgagors in accordance with the terms and provisions of the Loan Agreement, which indebtedness (i) is evidenced by a promissory note having an initial stated principal amount of $88,000.00 and dated March 7, 2007, (the "Original Note"), and (ii) is secured by a certain Mortgage dated March 7, 2007, encumbering the real property more particularly described on the attached Exhibit A, and recorded in Document No. 200702044, Book 4417, Page 634, of the records of Warren County, Ohio (the "Original Mortgage"); and

WHEREAS, Mortgagors have applied to Mortgagee, and Mortgagee has agreed, to extend the maturity of the Loan and/or to increase the stated principal amount of the Loan; and

WHEREAS, in connection with such extension and/or increase, Mortgagee and Mortgagors have executed, among other instruments, an amendment to the Original Note (such amendment and any prior amendments to the Original Note being the "Note Amendment" and the Original Note and the Note Amendment being the "Note") and this instrument (this instrument and all prior amendments to the Original Mortgage being the "Mortgage Amendment", and the Original Mortgage and the Mortgage Amendment being the "Mortgage"); and

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Mortgagors and Mortgagee agree as follows:

1. All capitalized terms not otherwise defined herein are defined herein as in the Loan Agreement.

2. The Loan shall be evidenced by the Note and the other Loan Documents and secured by all existing collateral and other security under the Note and the other Loan Documents. Except as expressly amended and modified by the Mortgage Amendment and the Note Amendment, the Loan Documents (including, without limitation, the Loan Agreement, the Note and the Mortgage), and all of the representations, warranties, covenants, agreements, indemnifications and other terms and provisions thereof, shall be, and hereby are, ratified, confirmed and reaffirmed in all respects, and are hereby remade as of the date hereof.

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first appearing above.

WITNESSES:                              MORTGAGORS:

_____              _____   5-26-09
                                     Jimmy Darrin Brock          Date

_____              _____   3-26-09
                                     Lydia Brock                 Date

STATE OF OHIO          )
                       ) ss
COUNTY OF WARREN       )

The foregoing instrument was acknowledged before me this _26_ day of _May_ in the year _2009_ by Jimmy Darrin Brock and Lydia Brock.

**BOOK 4891  PAGE 75**

Loan Number: 7188-1174

JUL-06-2009 MON 03:30 PM BUTLER CO TAX MAP DEPT     FAX NO. 5138873633     P. 06

Notary Public
County,
My Commission Expires:

WITNESSES:

MORTGAGEE:

HOME BUILDERS FINANCE, INC. D.B.A.
OWNER BUILDER LOAN SERVICES
a Michigan Corporation

Marti Ibbetson

By _____
Diane Gallup
Its Vice President

STATE OF MICHIGAN        )
                                        )ss
COUNTY OF WASHTENAW )

The foregoing instrument was acknowledged before me this 27th day of May
20 09 by Diane Gallup, a duly authorized officer of Home Builders Finance, Inc. D.B.A. Owner Builder
Loan Services, a Michigan Corporation, on behalf of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this
certificate first above written.

Elizabeth J Atton
Notary Public
Lenawee County in Washtenaw
My commission expires 01/18/2014

Elizabeth J Atton
Notary Public of Michigan
Lenawee County
Expires 01/18/2014
Acting in the County of _____

**BOOK 4891  PAGE 76**

Document prepared by :
& Return to

Beth Atton
Owner Builder Loan Services
2035 Hogback Rd
Ann Arbor, MI 48105

Loan Number: 1185-1174

JUL-06-2009 MON 03:30 PM BUTLER CO TAX MAP DEPT     FAX NO. 5138873633          P. 07

EXHIBIT A

DESCRIPTION OF REAL ESTATE

Mortgagor:     Jimmy Darren Brock and Lydia Brock
Tax Code No.:

SITUATED IN FRANKLIN TOWNSHIP, WARREN COUNTY, OHIO, BEING A PART OF SECTION 23, TOWN
3, RANGE 4, AND BEING LOT NUMBER 1, AS THE SAME IS KNOWN AND DESIGNATED ON THE
RECORDED PLAT OF BROCK'S ESTATE, AS RECORDED IN PLAT BOOK NO. 70, PAGE NO. 9 OF THE
PLAT RECORDS OF WARREN COUNTY, OHIO.

PARCEL NO 08-23-310-004

COMMONLY KNOWN AS 3348 STATE ROUTE 123, FRANKLIN, OHIO 45005

BOOK 4891  PAGE 77



# Exhibit C

COMMON PLEAS COURT
WARREN COUNTY OHIO
FILED

14 MAY 30 PM 1: 46

JAMES L. SPAETH
CLERK OF COURTS

## COURT OF COMMON PLEAS, WARREN COUNTY, OHIO

Home Builders Finance, Inc.               )   Case No. 09CV74860
d/b/a Owner Builder Loan Services,        )
                                          )   Judge Bronson   ODA
        Plaintiff,                        )
                                          )   **AGREED ORDER TO**
-vs-                                      )   **WITHDRAW PROPERTY**
                                          )   **FROM SHERIFF'S SALE**
Jimmy Darren Brock, et al.,               )
                                          )
        Defendants.                       )

                        *       *       *

This matter is before the Court upon the Stipulated Motion of Plaintiff and Defendants,

Jimmy and Lydia Brock, to withdraw the real property at issue in this foreclosure action and

described in the Complaint filed herein ("Property") from the currently scheduled sheriff's sale to

be held at 10:00 Monday morning, June 2, 2014.  The Court finds the Stipulated Motion to be

well taken and it is hereby granted.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Property,

which is currently scheduled to be sold by the Warren County Sheriff's office at 10:00 Monday

morning, June 2, 2014, shall be withdrawn by the Sheriff from the sale to be held on June 2,

2014. This Order is without prejudice to Plaintiff seeking or obtaining a new sale Order to have

the Property sold at a sheriff's sale on a different date in the future.

Date: _5-30-14_                          ~~Judge Bronson~~ Magistrate

Valerie Judge-Myers

Warren County Court of Common Pleas


Stipulated and Agreed by:


_David J. Coyle (0038966)_                  _Thomas G. Eagle_
SHUMAKER, LOOP & KENDRICK, LLP              THOMAS G. EAGLE CO., L.P.A.
North Courthouse Square                     3386 North State Rt. 123
1000 Jackson Street                         Lebanon, Ohio 45036
Toledo, Ohio 43604                          *Attorney for Defendants*
*Attorneys for Plaintiff*                   *Jimmy Darren Brock and Lydia Brock*

2

# Exhibit D

COMMON PLEAS COURT
WARREN COUNTY, OHIO
FILED

2018 AUG 13   AM 8: 35

JAMES L. SPAETH
CLERK OF COURTS

# COURT OF COMMON PLEAS
## WARREN COUNTY, OHIO

| | |
|---|---|
| Home Builders Finance, Inc. | ) Case No. 09CV74860 |
| d/b/a Owner Builder Loan Services, | ) |
| | ) Judge Donald E. Oda, II |
| Plaintiff, | ) |
| | ) **AGREED ORDER TO** |
| -vs- | ) **WITHDRAW PROPERTY** |
| | ) **FROM SHERIFF'S SALE** |
| Jimmy Darren Brock, et al., | ) |
| | ) |
| Defendants. | ) |

*     *     *

This matter is before the Court upon the Stipulated Motion of Plaintiff and Defendants, Jimmy and Lydia Brock, to withdraw the real property at issue in this foreclosure action and described in the Complaint filed herein ("Property") from the currently scheduled sheriff's sale to be held at 10:00 Monday morning, August 13, 2018. The Court finds the Stipulated Motion to be well taken and it is hereby granted.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Property, which is currently scheduled to be sold by the Warren County Sheriff's office at 10:00 Monday morning, August 13, 2018, shall be withdrawn by the Sheriff from the sale to be held on August

Copies faxed & sent to WCSO 8/13/18  cp

13, 2018. This Order is without prejudice to Plaintiff seeking or obtaining a new sale order to

have the Property sold at a sheriff's sale on a different date in the future.

Date: _____     _____

Judge Donald E. Oda, II
Warren County Court of Common Pleas

**Stipulated and Agreed by:**

_____     _____

David J. Coyle (0038966)     Wayne P. Novick (0030248)
Katherine S. Decker (0085600)     Law Office of Wayne P. Novick
SHUMAKER, LOOP & KENDRICK, LLP     2135 Miamisburg-Centerville Road
North Courthouse Square     Centerville, Ohio 45459
1000 Jackson Street     *Attorney for Defendants*
Toledo, Ohio 43604     *Jimmy Darren Brock and Lydia Brock*
*Attorneys for Plaintiff*

2